STOKER, Judge.
This is an appeal by plaintiffs, the surviving children of Beulah Davis, from the dismissal of their medical malpractice suit due to failure to comply with discovery orders. We vacate the dismissal and remand the case with instructions.
FACTS
Plaintiffs filed this medical malpractice suit on May 4,1988, against Byrd Memorial Hospital and Dr. Tom Mong, for their alleged malpractice which resulted in the death of plaintiffs’ mother. The alleged liability of Byrd Memorial Hospital was based upon an allegation of malpractice committed by one of its employees, Dr. Ghuru Ghanta. A medical review panel found no negligence on the part of Dr. Ghanta.
Byrd Memorial Hospital filed a request for admissions of fact on August 31, 1990, which the plaintiffs allegedly failed to answer properly in accordance with LSA-C.C.P. art. 1467. Byrd Memorial Hospital then filed a motion for summary judgment on October 24, 1990, based on the plaintiffs’ alleged admission that they agreed with the medical review panel’s finding that Dr. Ghanta was not negligent and also based on the fact that plaintiffs were unable to set forth any other basis for the Hospital’s liability because they were “without sufficient competent medical information”, although the case had been pending for over three years. On December 21,1990, the trial judge denied the Hospital’s motion for summary judgment, and gave plaintiffs thirty days to amend their petition and sixty days to submit a list of witnesses, including experts.
On January 22, 1991, plaintiffs filed an amended petition alleging negligence by *1286 Byrd Memorial Hospital, independent of any negligence by Dr. Ghanta. On March 4, 1991, plaintiffs filed a motion to extend the trial judge’s deadline for submission of a witness list. On March 19, 1991, plaintiffs filed their witness list, which included thirty-two nurses and other employees of Byrd Memorial Hospital, twenty-one physicians (including Dr. Mong and Dr. Ghanta), and nine lay witnesses. On April 10, 1991, plaintiffs filed a second amending petition, adding Dr. Ghanta as a party defendant and alleging additional acts of negligence.
On June 10, 1991, Byrd Memorial Hospital filed a motion, under LSA-C.C.P. art. 863 and art. 1420, to impose sanctions on plaintiffs’ attorney, Mr. Nelson, for failure to comply with proper discovery procedures. The Hospital alleged that: (1) Mr. Nelson had signed his name to pleadings (the amended petitions) which contained false statements; (2) Mr. Nelson had failed to make a “reasonable inquiry” into the facts of the case; (3) Mr. Nelson had submitted a list of expert medical witnesses which would allegedly support plaintiffs’ claims without first contacting the listed witnesses; and (4) Mr. Nelson had failed to ever supplement plaintiffs’ response to the Hospital’s request for admissions. On June 13,1991, the Hospital again moved for a summary judgment in its favor for the reasons assigned in its motion to impose sanctions.
On October 1, 1991, the trial judge again denied the Hospital’s motion for summary judgment and gave plaintiffs until February 1,1992, to provide the Hospital with copies of reports by the expert witnesses they intended to call in support of their case. The trial judge also found that plaintiffs were in violation of the court’s order of December 21, 1990, requiring them to submit an expert witness list. No sanctions were imposed.
Plaintiffs failed to submit a witness list and failed to submit copies of reports by their expert witnesses. On February 11, 1992, Byrd Memorial Hospital moved for an ex parte dismissal of plaintiffs’ suit with prejudice, which the trial judge denied on the grounds that fairness and lack of prior notice of the possibility of a dismissal required that plaintiffs be afforded a contradictory hearing. Byrd Memorial Hospital then filed a rule to show cause why plaintiffs’ suit should not be dismissed for failure to comply with discovery and pretrial orders.
A hearing was held on June 2, 1992. The trial judge gave plaintiffs’ attorney, Mr. Nelson, an opportunity to explain why he had not yet retained any expert witnesses. Mr. Nelson explained that he usually deposed the opposing expert witnesses and defendants first, then submitted their depositions, along with other evidence, to his own experts for their opinion. Mr. Nelson contended that Dr. Ghanta’s attorney would not allow him to depose Dr. Ghanta until he answered Dr. Ghanta’s interrogatories. He had not yet answered the interrogatories due to a busy schedule. Therefore, he had not yet retained any expert witnesses. Mr. Nelson admitted that he did have Dr. Mong’s deposition, though.
The trial judge decided that Mr. Nelson’s continued failure to comply with the court’s orders and failure to retain an expert witness four years after filing suit showed that he lacked an intent to seriously pursue the case and, therefore, that Byrd Memorial Hospital was entitled to relief. The trial judge then granted the Hospital’s motion to dismiss plaintiffs’ suit against it with prejudice.
Plaintiffs appeal the judgment dismissing Byrd Memorial Hospital from the lawsuit. We vacate the judgment and remand the case for further proceedings.
OPINION
Plaintiffs contend on appeal that the trial judge abused his discretion in dismissing their suit against Byrd Memorial Hospital. In essence, plaintiffs argue that they are seriously pursuing the case and that to dismiss the suit against the Hospital would result in a grave injustice.
The law is well settled that, under LSA-C.C.P. art. 193 and art. 1551, the trial *1287 judge is vested with much discretion in selecting appropriate sanctions for failure to comply with pretrial and discovery orders, and its choice will not be reversed absent a clear showing that it abused that discretion. Dismissal with prejudice is a severe penalty; thus it should only be imposed in extreme circumstances where the plaintiff is clearly aware that his noncompliance will result in dismissal of his action. However, where a party fails to follow a court’s pretrial order, the burden is on that party to show why he failed to so comply. Allwein v. Horn, 558 So.2d 810 (La.App. 5th Cir.1990), and cases cited therein. Also, Magri v. Westinghouse Electric, Inc., 590 So.2d 830 (La.App. 4th Cir.1991).
Dismissal may be inappropriate in a case where the attorney, and not his client, is at fault in failing to make discovery. Allen v. Smith, 390 So.2d 1300 (La.1980). The record must show that the party was clearly aware that his noneompliance would result in the sanction and show that the party, and not merely his attorney, was at fault in failing to comply with the discovery order. The record must establish that the noncompliance was due to the willfulness, bad faith or fault of the party himself, as opposed to his counsel. If the record does not contain evidence that the noneompliance was attributable to the party’s fault and the trial court dismisses the plaintiffs suit, the court has abused its wide discretion. Columbia Homestead Ass’n. v. Arnoult, 615 So.2d 1 (La.App. 4th Cir.1992), and cases cited therein; Lee v. United Fire & Cas. Co., 607 So.2d 685 (La.App. 4th Cir.1992).
The case before us involves the plaintiffs’ attorney’s failure to comply with both a discovery order (to produce expert witness reports) and a pretrial order (to produce a witness list). Plaintiffs and their attorney were not notified that failure to comply with the court’s orders would result in dismissal of their suit. The trial judge did expressly note that fact; it was the reason why he refused to grant the Hospital an ex parte dismissal and required a contradictory hearing.
We find that plaintiffs’ attorney, Mr. Nelson, has been dilatory and disobedient in his noncompliance with two court orders. The record does not disclose a good reason for his noneompliance. However, the record contains no evidence as to whether the plaintiffs themselves were willfully disobedient, in bad faith, or at fault. Given the fact that neither Mr. Nelson nor the plaintiffs were “clearly aware” that Mr. Nelson’s noncompliance with the trial judge’s discovery and pretrial orders would result in the dismissal of their suit, we find the trial judge abused his great discretion in dismissing the suit. In so holding, we note that the trial judge has been very forbearing toward plaintiffs’ attorney. There is, apparently, good cause to impose an appropriate sanction.
CONCLUSION
Therefore, the judgment of the trial court must be vacated and the case remanded for further proceedings. On remand, the trial court should determine who was at fault for the noneompliance with the court’s orders and assess reasonable sanctions against the offender(s). See Allen v. Smith, 390 So.2d at 1302; Columbia Homestead Ass’n. v. Arnoult, 615 So.2d at 3.
DISPOSITION
For the reasons given, the judgment of the trial court is vacated and the case is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to defendant-appellee, Byrd Memorial Hospital.
VACATED and REMANDED.
DOMENGEAUX, C.J., concurs, but would assess appellate costs to plaintiffs’ attorney, to the extent allowed by law.