| iBROUILLETTE, Judge Pro Tem.
Franklin Rice’s malpractice action against Dr. Douglas Sagrera was dismissed because of his failure to comply -with court orders compelling discovery. This appeal asserts that dismissal was too harsh a sanction.
|2To properly evaluate the action by the trial court, the principal facts relating to discovery which led up to the dismissal should be examined chronologically:
January 3, 1990 — Suit filed alleging malpractice in connection with the birth of plaintiffs son on April 14, 1985;
August 12, 1993 — Interrogatories and request for production of documents propounded to plaintiff through counsel;
February 7, 1994, — Motion to compel previously assigned for February 4, 1994 reassigned to April 4, 1994 based upon change of counsel;
*420 April Jp, 199Jp — Hearing on motion to compel discovery; plaintiff present with different counsel but no response to discovery; counsel requested fifteen days to respond and court ordered response within fifteen days; plaintiff assessed with attorney’s fees for failure to respond timely;
April 11, 199Jp — Case assigned for trial by jury on December 5, 1994;
May 27, 199Jp — Defendant filed a motion to dismiss for failure of plaintiff to respond;
June 17, 199Jp — The four attorneys who had been representing plaintiff moved to withdraw as counsel on the basis that they had been dismissed by plaintiff;
June 29, 199Jp — Hearing on motion to withdraw personally attended by plaintiff wherein the court (a) permitted the withdrawal of counsel, (b) reassigned the motion to dismiss to November 18,1994, (c) advised the plaintiff that the case would go to trial on December 5, 1994 whether or not he had counsel, and (d) directed the plaintiff to write to lathe court by August 5, 1994 and on the fifth day of each month thereafter to inform the court whether or not he had engaged counsel;
October 13, 199Jp — (a) Status conference at which no appearance was made on behalf of plaintiff although he had been personally served with notice; (b) the court denied defendant’s motion to dismiss for failure to respond to discovery; (c) the court issued a bench warrant and rule for contempt for the plaintiff returnable on November 18, 1994 and (d) reaffirmed November 18, 1994 as the hearing date for the motion to compel discovery and the motion to dismiss;
November 18, 199Jp — Hearing on the motion to compel and the motion to dismiss. The plaintiff appeared in person with different counsel who filed a motion to enroll; no response was filed to defendant’s discovery. Defendant’s motion to dismiss was granted and judgment signed.
DISMISSAL AS A SANCTION
The court’s options in sanctioning the failure to respond to discovery are set forth in La.Code Civ.P. art. 1471 which provides:
Art. 1471. Failure to comply with order compelling discovery; sanctions
If a party or an officer, director, or managing agent of a party or a person designated under Articles 1442 or 1448 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Article 1469 or Article 1464, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
14(1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.
(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him for introducing designated matters in evidence.
(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
(4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.
(5) Where a party has failed to comply with an order under Article 1464, requiring him to produce another for examination, such orders as are listed in Paragraphs (1), (2), and (3) of this Article, unless the party falling to comply shows that he is unable to produce such person for examination.
In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney’s fees, caused by the failure, unless the court finds that the failure was substantially jus- *421 tiffed or that other circumstances make an award of expenses unjust.
It is well established that a trial judge has much discretion in imposing sanctions for failure to comply with a discovery order and his choice of sanctions will not be reversed absent a clear showing that he abused his discretion. State of Louisiana Through the Department of Social Services v. Gibson, 611 So.2d 769 (La.App. 4 Cir.1992); Magri v. Westinghouse Electric, Inc., 690 So.2d 830 (La.App. |s4 Cir.1991); Landry v. LeMaire, 527 So.2d 595 (La.App. 3 Cir.1988); Castille v. Melancon, 410 So.2d 1224 (La.App. 3 Cir. 1982).
In evaluating the action of the trial court, it is essential to recognize the seriousness of the failure to comply with court ordered discovery. As pointed out by the supreme court in Horton v. McCary, 93-2315 (La. 4/11/94); 635 So.2d 199, 203:
There is a distinction between the sanctions available for failure to comply with discovery and the sanctions available for disobedience of court ordered discovery. MTU of North America, Inc. v. Raven Marine, Inc., 475 So.2d 1063 (La.1985). Refusal to comply with court ordered discovery is a serious matter. See Chilcutt v. U.S., 4 F.3d 1313 (5th Cir.1993). Trial judges must have severe sanctions available to deter litigants from flouting discovery orders. National Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). Note, The Emerging Deterrence Orientation in the Imposition of Discovery Sanctions, 91 Harvard L.Rev. 1033 (1978).
Relating that pronouncement to the present case, it is important to note that on April 4, 1994, with the plaintiff and his counsel present, the court ordered the plaintiff to respond within fifteen days of that date. A formal judgment was signed on April 13, 1994 which “Ordered, Adjudged and Decreed that plaintiff shall have fifteen (15) days from April 4, 1994 to respond to the discovery sought.”
In spite of the very patient effort of the trial judge to accommodate the plaintiff who continually engaged and then dismissed counsel (the record indicates seven different attorneys representing him during the course of the litigation), the court’s order was flagrantly violated. Of particular significance is the June 29, 1994 hearing on the motion of plaintiffs attorneys to withdraw. At that time, the April 4, 1994 order to respond to discovery within fifteen days had been violated for more than two months. Nevertheless, the trial judge continued the motion to dismiss to |6November 18,1994 and directed the plaintiff to communicate with him monthly relative to obtaining counsel. When the plaintiff failed to even.appear at the October 13,1994 status conference, in spite of personal notice, the court again denied defendant’s motion to dismiss and continued both the motion to dismiss and the motion to compel discovery to the November 18, 1994 date which had been previously set.
Changing attorneys obviously causes problems for litigants, particularly as to meeting deadlines. Courts should certainly recognize that problem and not be unduly harsh. On the other hand, there must certainly be limits as to excusing noncompliance based upon a change of counsel. In our opinion, this case surpasses those limits. Magri, 590 So.2d 830, is similar to the present case on that issue. The court recognized that the plaintiff was frustrating the defendant’s efforts at discovery by changing attorneys and by failing to cooperate with his attorneys. Finding that the failure to comply was the fault of the plaintiff and not his attorneys, the trial court dismissed the action with prejudice and the court of appeal affirmed.
Upholding the authority and dignity of the court is certainly an important factor in enforcing orders compelling discovery. That is no more important, however, than protecting the rights of the opposing parties. Prior to November 18, 1994, the trial court refused to dismiss plaintiffs action for failure to respond to discovery on at least two occasions. On November 18, 1994, seventeen days prior to the December 5,1994 trial date (which had been set since April 11, 1994), when the plaintiff appeared with a new attorney, but without a response to discovery, the motion to dismiss was granted. When the motion was granted on November 18, 1994, *422 the plaintiff had not responded to any of the defendant’s discovery, some of Uwhich dated back to August 12, 1993. In granting the motion, the court recognized the right of the defendant to prepare for trial and to go to trial on its scheduled date. Had the case not yet been assigned for trial or had the trial date not been so close, perhaps a different sanction would have been more appropriate.
This court recognizes that dismissal is a very severe penalty reserved for the most culpable conduct. Horton, 635 So.2d 199; Barnhill v. U.S., 11 F.3d 1360 (7th Cir.1993); Allen v. Smith, 390 So.2d 1300 (La.1980); Magri, 590 So.2d 830. It is also recognized that the record must establish that the noncompliance was due to the wilfulness, bad faith or fault of the party himself, as opposed to his counsel. Davis v. Byrd Memorial Hospital, 628 So.2d 1284 (LaApp. 3 Cir. 1993), writ denied, 634 So.2d 396 (La.1994). The record in this case supports the trial court’s dismissal.
Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.