# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-793

**IN RE: CYNTHIA WILEY, INDIVIDUALLY AND ON BEHALF OF LILLIE M. WILEY**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NUMBER 02-C-3125-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## BILLIE COLOMBARO WOODARD
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Billie Colombaro Woodard, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**REVERSED AND REMANDED.**

George Arthur Flournoy
Flournoy, Doggett & Losavio
Post Office Box 1270
Alexandria, Louisiana 71309-1270
(318) 487-9858
Counsel for Plaintiff/Appellant:
    Cynthia Wiley, individually
    and on behalf of Lillie M.
    Wiley

Marc W. Judice
Judice & Adley
Post Office Box 51769
Lafayette, Louisiana 70505-1769
(337) 235-2405
Counsel for Defendant/Appellee:
    Dr. Paul E. Miller

WOODARD, Judge.

The Plaintiff, Cynthia Wiley, appeals the dismissal of her medical malpractice claim. The trial court granted Dr. Paul Miller's motion to dismiss with prejudice when Ms. Wiley failed to respond timely to its order, compelling her to answer his interrogatories and requests for production. We reverse and remand.

\* \* \* \* \*

Lillie M. Wiley, a sixty-seven-year-old diabetic and double amputee, was a patient of Dr. Miller, a Nephrologist, who supervised her dialysis treatment. Over time, her condition progressively deteriorated until she passed away.

Cynthia Wiley, Lillie's daughter, alleges that Dr. Miller gave her mother too much dialysis fluid, causing a dangerously low drop in her blood pressure. Immediately afterwards, she was admitted into Opelousas General Hospital (OGH). When she was admitted, Ms. Wiley asserts that her mother had no bedsores, but sometime during her stay, they formed "on her buttocks and her back and on both of the stumps of her legs." OGH's staff treated the sores and, eventually, released her from OGH's care. Not long after her release, Lillie was admitted into Doctor's Hospital of Opelousas (DHO). Sometime later, after her discharge from DHO, she died, but the length of time between her discharge and her eventual death is unclear from the record.

In May of 2002, Ms. Wiley, individually and on behalf of her mother, filed a claim, with the Louisiana Patients' Compensation Fund, naming Dr. Miller and others as Defendants.

On June 20, 2002, Dr. Miller's counsel, Marc Judice, sent interrogatories and requests for production to George Flournoy, who was Ms. Wiley's counsel at the time.

On June 24, 2002, Mr. Flournoy received Dr. Miller's discovery requests, but he did not respond.

On July 9, 2002, Mr. Judice sent a follow-up letter, asking him to respond.

On July 19, 2002, Mr. Judice propounded a second set of interrogatories and requests for production on him.

1

On July 22, 2002, Mr. Flournoy received the discovery requests. That same day, Mr. Judice forwarded correspondence to him, requesting answers to all outstanding discovery.

On August 1, 2002, Mr. Judice sent another letter, asking him to contact the Defense. It stated:

> Please contact [us] on or before **Monday, 12 August 2002** to advise when we can expect full and complete discovery and signed medical authorizations. *If we do not hear from you, we will be forced to file a Motion to Compel.* Thank you for your attention to this matter.

(Italics added.)

On September 16, 2002, due to Plaintiff's failure to respond to any of his requests, Mr. Judice filed a "Motion to Compel Full and Complete Discovery, In the Alternative, Motion to Dismiss" which was set for hearing on October 21, 2002.

On October 18, 2002, Mr. Judice filed a motion to continue the hearing when he learned of Mr. Flournoy's *intent* to withdraw as enrolled counsel for Ms. Wiley. Afterwards, with the understanding that he would later file a motion to withdraw, the trial court re-fixed the hearing date for December 6, 2002. However, the record does not contain a motion to withdraw.

On November 9, 2002, Ms. Wiley received correspondence from Mr. Judice, who personally served her with a courtesy copy of the discovery requests and motion to compel. In his correspondence, he informed her that: "Mr. George Flournoy has advised he no longer represents you. . . . If you intend to proceed with this matter, we request (1) full and complete answers to the discovery and (2) your cooperation in selecting an attorney to serve as attorney chairman of the Medical Review Panel."

Again, the trial court changed the date of the hearing to January 3, 2003, after an attorney phoned to request additional time to review the case and possibly enroll as counsel of record for Ms. Wiley. Nevertheless, no new counsel enrolled before the hearing. Since Mr. Flournoy never formally withdrew, he was still enrolled as her counsel of record at this time.[1]

On January 3, 2003, Ms. Wiley did not appear for the hearing on Dr. Miller's motion to compel even though the trial court, previously, had her personally served

---

[1]La. Rules of Prof'l Conduct Rule 1.16; La. Dist. Ct. Rules Rule 9.13.

2

with its order, informing her that her appearance was mandatory. By failing to appear, she persuaded the trial court to grant the motion, which resulted in her being ordered to provide full and complete answers to all outstanding discovery within fifteen days of the date of service of its judgment. It, also, notified her that the dismissal of her claim would ensue from her failure to respond within the time allotted.

On January 23, 2003, again, the trial court served its judgment on Ms. Wiley. Yet, she remained unresponsive.

On February 10, 2003, Dr. Miller filed a "Motion to Dismiss with Prejudice" that was set for hearing on February 28, 2003.

On February 27, 2003, Mr. Flournoy filed a motion to re-enroll as Ms. Wiley's counsel of record and a motion to continue. The trial court granted both motions and moved the hearing date to March 28, 2003.

On March 27, 2003, one day before the hearing on Dr. Miller's motion to dismiss, Mr. Judice received Plaintiff's answers to interrogatories and requests for production sent by Mr. Flournoy.

Nonetheless, on April 23, 2003, the trial court rendered a judgment, dismissing with prejudice Ms. Wiley's claim against Dr. Miller.

On appeal, Plaintiff asserts that the trial court's actions were clearly improper because the circumstances of this case do not justify the harsh remedy of dismissal.

In his brief, Dr. Miller's counsel asks us to address an additional issue. Louisiana Code of Civil Procedure Article 2133 states that an appellee "must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later" if s/he desires to have the trial court's judgment modified, revised, reversed, or if s/he demands damages against the appellant. As such, due to Dr. Miller's counsel's failure to file an answer to Ms. Wiley's appeal, we cannot address this issue.

* * * * *

**PHOTOS OF LILLIE'S INJURIES**

Ms. Wiley's counsel directs our attention to photos of Lillie's bedsores, which he attached to his appellate brief. Under La.Code Civ.P. art. 2164, we are to render

3

a judgment based, solely, upon the record on appeal.[2]  Therefore, since the trial court never entered these photos in evidence and, more importantly, given that they have nothing to do with the procedural issue before us, we cannot consider them,[3] and we caution counsel to refrain from arguing, in his brief, that which is outside the record.[4]

**SANCTION OF DISMISSAL WITH PREJUDICE**

Next, we determine whether the trial court's dismissal of Ms. Wiley's suit was appropriate for her failure to respond to its order to produce discovery.

A trial court can impose sanctions for a litigant's failure to respond to discovery.  Louisiana Code of Civil Procedure Article 1471 provides, in part:

> If a party or an officer, director, or managing agent of a party or a person designated under Articles 1442 or 1448 to testify on behalf of a party *fails to obey an order to provide or permit discovery*, including an order made under Article 1469 or Article 1464, *the court in which the action is pending may make such orders in regard to the failure as are just*, and among others the following:
>
> (1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.
>
> (2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.
>
> (3) *An order* striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or *dismissing the action or proceeding or any part thereof,* or rendering a judgment by default against the disobedient party.
>
> (4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.
>
> . . . .

---

[2]*La. D.O.T.D. v. Kan. City S. Ry. Co.*, 02-2349 (La. 5/20/03), 846 So.2d 734.

[3]*See Leyva v. Laga*, 549 So.2d 914 (La.App. 3 Cir. 1989).

[4]*See La. D.O.T.D.*, 846 So.2d 734.

> *In lieu of any of the foregoing orders or in addition thereto, the court <u>shall</u> require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.*

(Emphasis added.) The trial court has much discretion when choosing the appropriate sanctions, under La.Code Civ.P. art. 1471, for a party's failure to comply with a discovery order, and we will not reverse its choice absent a clear showing that it abused its discretion.[5]

However, there is a difference between the sanctions available to the trial court when a party merely fails to comply with discovery and those that are available to it when a party refuses to provide *court ordered* discovery.[6] "Refusal to comply with court ordered discovery is a serious matter."[7] Therefore, the trial court must have severe sanctions available to it to deter litigants from scoffing at its discovery orders.[8]

Our supreme court in *Horton v. McCary*,[9] identified four factors we should consider when determining whether a trial court's grant of dismissal was an abuse of its discretion:

> (1) whether the violation was willful or resulted from an inability to comply;
>
> (2) whether less drastic sanctions would be effective;
>
> (3) whether the violations prejudiced the opposing party's trial preparation; and
>
> (4) whether the client participated in the violation, simply misunderstood a court order, or innocently hired a derelict attorney.

---

[5]*Rice v. Sagrera*, 95-155 (La.App. 3 Cir. 5/31/95), 657 So.2d 419, *writ denied*, 95-1657 (La. 10/6/95) 661 So.2d 470; *Castille v. Melancon*, 410 So.2d 1224 (La.App. 3 Cir. 1982).

[6]*Horton v. McCary*, 93-2315 (La. 4/11/94), 635 So.2d 199.

[7]*Rice,* 657 So.2d at 421 (quoting *Horton*, 635 So.2d at 203).

[8]*Id.*

[9]635 So.2d 199.

In *Allen v. Smith,* the supreme court further confirmed that the dismissal of a complaint with prejudice is a drastic penalty.[10] The trial court can utilize this sanction only in extreme circumstances since it involves a property right.[11] Accordingly, it should be reserved for the most culpable conduct.[12] As such, the trial court's dismissal of a claim with prejudice is an abuse of discretion when the *record* and the *evidence* submitted does not establish that the failure was due to the willfulness, bad faith, or fault of the plaintiff, herself, as opposed to that of her counsel.[13] Generally, dismissal is reserved for those cases where the client and the attorney are at fault.[14]

On January 3, 2003, Ms. Wiley did not appear in court for a hearing on Dr. Miller's motion to compel answers to discovery. The judgment, signed on January 17, 2003, warned her that if she did not provide full and complete answers to discovery within fifteen days of the date of service, the trial court would "dismiss her complaint with full prejudice upon motion by the Defendant." On January 23, 2003, the trial court personally served its judgment on her. Nevertheless, she still failed to respond to Dr. Miller's discovery requests within the time allotted. Thereafter, on February 10, 2003, Dr. Miller filed a motion to dismiss. The trial court granted the dismissal on April 23, 2003.

To determine whether its dismissal of her action was an abuse of its discretion, we must apply the four factors outlined in *Horton.*[15] However, we have no sworn testimony in the record with which to assess any of these factors. Counsel's argument, which is all that is before us, is not evidence.[16]

---

[10]*Allen v. Smith*, 390 So.2d 1300 (La.1980).

[11]*Horton*, 635 So.2d 199.

[12]*Rice,* 657 So.2d 419; *Horton,* 635 So.2d 199.

[13]*Allen*, 390 So.2d 1300.

[14]*Horton*, 635 So.2d 199.

[15]*Id.*

[16]*Ledet v. Nat'l Car Rental Sys.*, 96-1270 (La.App. 3 Cir. 6/4/97), 694 So.2d 1236.

Thus, we vacate the judgment of dismissal and remand this case for an evidentiary hearing in accordance with *Horton*[17] and *Allen*,[18] after which the trial court is to render any judgment it deems appropriate based on the evidence adduced.

## CONCLUSION

We set aside the trial court's judgment and remand this case for proceedings consistent with this opinion, including a hearing to determine who should pay reasonable expenses that resulted from the discovery failures, including attorney's fees and the cost of all proceedings in this court and the trial court.[19]

## REVERSED AND REMANDED.

---

[17]635 So.2d 199.

[18]390 So.2d 1300.

[19]*See Garza v. Int'l Maint. Corp.*, 97-317 (La.App. 3 Cir. 10/29/97), 702 So.2d 1021. *See also* La.Code Civ.P. art. 1471.