# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 23-372

**ACADIANA RENAL PHYSICIANS, A MEDICAL CORPORATION, ET AL.**

**VERSUS**

**OUR LADY OF LOURDES REGIONAL MEDICAL CENTER, INC., LAFAYETTE GENERAL MEDICAL CENTER, INC., ET AL.**

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20202289
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

**WILBUR L. STILES**
**JUDGE**

**********

Court composed of Shannon J. Gremillion, Guy E. Bradberry, and Wilbur L. Stiles, Judges.

**Bradberry, J., concurs.**

**MOTION TO STRIKE APPELLEE'S BRIEF DENIED.**
**AFFIRMED.**

**Jennifer L. Thornton**
**John P. D'Avello**
Stanley, Reuter, Thornton & Alford, LLC
909 Poydras Street, Suite 2500
New Orleans, LA 70112
(504) 523-1580
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Acadiana Renal Physicians, A Medical Corporation**
    **Dr. Anthony Blalock**
    **Dr. Roderick Clark**
    **Dr. Akshey Gupta**
    **Dr. Melissa Harrington**
    **Dr. Maximo Lamarche**
    **Dr. Alfonso Lebron**
    **Dr. Juan Zeik**


**John Alden Meade**
**Adam G. Young**
**Meade Young, LLC**
556 Jefferson Street, Box 7
Lafayette, LA 70501
(337) 534-0200
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Acadiana Renal Physicians, A Medical Corporation**
    **Dr. Anthony Blalock**
    **Dr. Roderick Clark**
    **Dr. Akshey Gupta**
    **Dr. Melissa Harrington**
    **Dr. Maximo Lamarche**
    **Dr. Alfonso Lebron**
    **Dr. Juan Zeik**


**Russell B. Kahn**
**Attorney at Law**
322 South Market Street
Opelousas, LA 70570
(337) 948-6217
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Acadiana Renal Physicians, A Medical Corporation**
    **Dr. Anthony Blalock**
    **Dr. Roderick Clark**
    **Dr. Akshey Gupta**
    **Dr. Melissa Harrington**
    **Dr. Maximo Lamarche**
    **Dr. Alfonso Lebron**
    **Dr. Juan Zeik**

**Randall K. Theunissen**
**Joseph A. Boustany**
**Allen & Gooch**
P. O. Box 81129
Lafayette, LA 70598-1129
(337) 291-1000
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Our Lady of Lourdes Regional Medical Center, Inc.**


**S. Andrew Shealy**
**Assistant District Attorney**
**M. Bofill Duhe'**
**District Attorney**
Iberia Parish Courthouse
300 Iberia Street, Suite 200
New Iberia, LA 70560
(337) 369-4434
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Iberia Medical Center Foundation**


**Jaylen Hebert Simar**
**Julie Savoy**
**Gachassin Law Firm**
400 East Kaliste Saloom Road, Suite 6100
P.O. Box 80369
Lafayette, LA 70598-0369
(337) 235-4576
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **St. Tammany Parish Hospital Service District No. 1**


**Cearley W. Fontenot**
**Oats & Marino**
100 E. Vermilion Street, Suite 400
Lafayette, LA 70501
(337) 233-1100
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Louis J. Perret, Lafayette Clerk of Court**

**STILES, Judge.**

Plaintiffs, a physician group and its member physicians, appeal the judgment of the trial court denying their Motion for Discovery Sanctions against the defendant hospital. For the following reasons, we deny Plaintiffs' pre-hearing Motion to Strike Appellee's Brief and, on the merits, affirm the trial court's judgment under review.

### FACTUAL AND PROCEDURAL HISTORY

As noted by a prior panel, the facts of this proceeding are not in dispute.[1] Plaintiffs, Acadiana Renal Physicians, A.M.C., Drs. Anthony Blalock, Roderick Clark, Akshey Gupta, Melissa Harrington, Maximo Lamarche, Alfonso Lebron, and Juan Zeik, filed this matter questioning Our Lady of Lourdes Regional Medical Center, Inc.'s (OLOL's) failure to pay the nephrologists for performing on-call services as required by their hospital privileges.[2] Plaintiffs noted that similarly situated physicians practicing in other specialties received pay for their emergency on-call services. Plaintiffs alleged that OLOL's conduct violated the Louisiana Monopolies Act, La.R.S. 51:121-152, and the Louisiana Unfair Trade Practices, La.R.S. 41:1401-1428.

As pertinent to this appeal, Plaintiffs filed a "Fourth Set of Discovery Requests" in February 2022 seeking production of information associated with revenues generated for OLOL by other physicians receiving pay from OLOL for on-call services. The requests included:

---

[1] This proceeding is the fourth pre-trial appeal in this matter and the third of which addresses Plaintiffs' complaints regarding compliance with discovery. *See Acadiana Renal Physicians, A Med. Corp. v. Our Lady of Lourdes Reg'l Med. Ctr., Inc.,* 22-16 (La.App. 3 Cir. 1/28/22), 334 So.3d 1, *writ denied,* 22-343 (La. 4/5/22), 335 So.3d 833; *Acadiana Renal Physicians, A Med. Corp. v. Our Lady of Lourdes Reg'l Med. Ctr., Inc.,* 21-586 (La.App. 3 Cir. 10/4/21), 329 So.3d 418, *writs denied,* 21-1614, 21-1615 (La. 1/12/22), 330 So.3d 624, 629; *Acadiana Renal Physicians, A Med. Corp. v. Our Lady of Lourdes Reg'l Med. Ctr., Inc.,* 21-289, 21-290 (La.App. 3 Cir. 5/27/21), 321 So.3d 469, *writs denied,* 21-887, 21-899 (La. 10/12/21), 325 So.3d 1070, 1074.

[2] Although Plaintiffs initially named Lafayette General Medical Center, Inc. as a co-defendant, the trial court granted Plaintiffs' ex parte motion to dismiss and ordered dismissal of all claims against LGMC with prejudice in October 2022. Plaintiffs sought the dismissal "by agreement of the parties[.]"

## Interrogatories

1.  For each of the physicians (or physician groups) identified in your response to Supplemental Interrogatory No. 1 (made February 22nd, 2022), identify the total numbers of patients referred to You or admitted to Your facilities or any facility owned by such physicians (or physician groups), by year, from 2018 to 2021.

2.  For each of the physicians (or physician groups) identified in your response to Supplemental Interrogatory No. 1 (made February 22nd, 2022), identify the total revenue derived by You from each physician (or physician groups), by year, from 2018 to 2021. (For purposes of this interrogatory "revenue" should be stated in the manner booked by You. For example, if You only book actual payments received, then state that amount. If You book revenue another way, state that amount and explain).

3.  For each of your responses to Interrogatory No. 2 above, identify the sources of revenues by physician, by payor type, e.g., private insurance, Medicare, Medicaid, private payor, other.

## Requests for Production of Documents

The following requests are limited to items created or received by you from 2018 to the present:

1.  All documents, records, or ESI[3] concerning or referencing numbers of patients referred to You by any physician (or physician groups) identified in response to discovery in this case. Any ESI should be produced in native file format.

2.  All documents, records, or ESI concerning or referencing revenues derived by You from any physician (or physician groups) identified in response to discovery in this case. Any ESI should be produced in native file format.

3.  All documents, records, or ESI concerning or referencing competition for physician services in the Lafayette [sic] the broader Louisiana market for physician services.

4.  All documents, records, or ESI concerning or referencing any actual or potential effort by you to recruit or retain any physician or physician group on your medical staff.

---

[3] Electronically Stored Information.

On June 30, 2022, Plaintiffs filed a Motion to Compel Responses to Plaintiffs' Fourth Set of Written Discovery noting that OLOL objected to its discovery requests on the grounds of relevance and privilege. OLOL also suggested that the information was in the possession of third parties rather than OLOL. Plaintiffs maintained that the requested information was relevant to its allegation that OLOL merely uses call pay as a disguised "kickback" for patient referrals and that, on the claim of privilege, OLOL failed to make an attempt to establish privilege. Plaintiffs pointed out that OLOL had not produced a privilege log. Similarly, Plaintiffs argued that OLOL claimed only that the information sought was in the hands of third parties, not that the information did not exist nor that OLOL did not have access to it. Plaintiffs thus sought an order directing OLOL to further comply with discovery as well as for costs and attorney fees.

A hearing on the motion to compel was held on August 8, 2022. On September 19, 2022, the trial court rendered a Judgment Compelling Discovery Responses and ordered:

1. For each of the physicians (or physician groups) identified in Defendant's response to Supplemental Interrogatory No. 1 (made February 22nd, 2022), it must identify the total numbers of patients referred to it or admitted to its facilities or any facility owned by such physicians (or physician groups), by year, from 2018 to 2021.

2. For each of the physicians (or physicians groups) identified in Defendant's response to Supplemental Interrogatory No. 1 (made February 22nd, 2022) it shall identify the total revenue derived by it from each physician (or physician groups), by year, from 2018 to 2021. (For purposes of this interrogatory "revenue" should be stated in the manner booked by Defendant. For example, if Defendant only books actual payment received, then state that amount. If it books revenue another way, state that amount and explain).

3. For each of Defendant's responses to No. 2 above, it shall identify the sources of revenues by physician, by payor type, e.g., private insurance, Medicare, Medicaid, private payor, other.

4. Defendant must produce documents that discuss efforts to retain or recruit physicians that are threatening to leave.

Although the trial court assessed costs against OLOL, it denied Plaintiffs' request for attorney fees.

In the months that followed, OLOL searched and collected information from various document sources and compiled that information into two PDF spread sheets (comprising forty-six pages) pertaining to the number of patient referrals and the total revenue OLOL had received from each physician/physician group performing on-call services. In response to the trial court's directive to produce documents regarding efforts to retain or recruit physicians, OLOL engaged a third party to "harvest" documents potentially including the information sought and, thereafter, OLOL's counsel began a review of the documents for responsiveness.

On December 14, 2022, Plaintiffs filed a Motion for Discovery Sanctions asking the trial court to sanction OLOL pursuant to La.Code Civ.P. art. 1471 for allegedly failing to obey the trial court's discovery order. A hearing was held on January 23, 2023. After hearing oral arguments, the trial court denied Plaintiffs' motion for sanctions. A Judgment on Plaintiffs' Motion for Discovery Sanctions was rendered on February 8, 2023, ordering the following:

1. The Plaintiffs' Motion for Discovery Sanctions is denied in its entirety.

2. Costs are deferred to the end of the case.

Separately, regarding the conduct of discovery in this case, the Court finds the Defendant should respond more quickly to the Court's order of 9/19/2022 and therefore it is hereby ordered, adjudged, and decreed as follows:

1. As soon as practicable, the Defendant shall identify to Plaintiffs the search terms and the search methods, including any algorithms, being used to respond to the documents ordered produced by the 9/19/2022 [sic].

2. The Defendant shall provide written updates to the Plaintiff identifying the status of its document review and production pursuant to the 9/19/2022 Order every fifteen days.

On February 1, 2023, the trial court granted Plaintiffs' Motion for Appeal "on the Court's judgment denying the Plaintiffs' Motion for Discovery Sanctions against Our Lady of Lourdes Regional Medical Center, Inc." The trial court ordered "that this appeal be returnable to the Louisiana Court of Appeals, Third Circuit, within thirty days of the payment of estimated costs, pursuant to La. C.C.P. art. 2125." Plaintiffs filed an "Art. 2126 Motion to Reduce Costs" on March 16, 2023, seeking to traverse the Clerk of Court's estimation of costs and asking that said costs be reduced. A hearing was scheduled before the trial court on May 8, 2023. However, on May 5, 2023, Plaintiffs filed an Ex Parte Motion to Dismiss Motion to Reduce Costs. The trial court signed the attached Order on May 8, 2023, dismissing the motion to reduce costs and ordering Plaintiffs to "pay the costs as estimated by the Clerk of Court within twenty days of this order, pursuant to La. C.C.P. Art. 2126(C)." The appellate record in this matter was lodged on June 12, 2023.

Plaintiffs assign the following as error in their appellants' brief:

A. The trial court abused its discretion in denying any relief to the Plaintiffs under La. C.C.P. Art. 1471.

B. The trial court abused its discretion to the extent that its February 8, 2023, order permits the Defendant to conduct a search of its own records for responsive documents using its own designated search terms and search methods, excluding the Plaintiffs from the collection and search process.

5

**DISCUSSION**

*Motion to Strike Appellee's Brief*

On Tuesday, June 20, Plaintiffs filed a Motion to Strike Appellee's brief in which they asserted that OLOL violated Local Rule 28 by attaching evidence to its appellee's brief that has not been introduced into evidence. Local Rules – Court of Appeal, Third Circuit, Rule 28 provides:

> Appellate courts are courts of record and may not review or consider evidence that has not first been properly and officially offered, introduced, and considered in the proceedings below. See *Denoux v. Vessel Mgmt. Servs., Inc.,* 07-2143 (La. 5/21/08), 983 So.2d 84. Thus, all briefs and memoranda filed in this Court with attachments to be considered by this Court as evidence, whether filed in conjunction with appeals, motions, or writ applications, that contain attachments shall contain the following certification:
>
> > "I hereby verify that all attachments to this brief or memorandum, for the purpose of review and consideration as evidence by this Court, have been entered and/or accepted into evidence or proffered as evidence, and/or considered in the lower court, to the best of my knowledge, information and belief. I understand that failure to comply with this local rule may result in this Court's refusal to consider said attachments. *WILLFUL FAILURE TO COMPLY WITH THIS LOCAL RULE MAY SUBJECT ME TO PUNISHMENT FOR CONTEMPT OF COURT.*"
>
> No such attachment will be considered by this Court if not filed and/or accepted or proffered, or considered in the lower court unless by Order of this Court for good cause shown.[1]

Footnote 1 provides, "This local rule shall not be interpreted to prohibit, and this certification shall not apply to, other non-evidentiary attachments required by the Uniform Rules--Courts of Appeal, or allowed in practice to facilitate the Court's understanding of the issues and precedents involved."

Plaintiffs contend that OLOL has willfully violated Local Rule 28 by attaching Exhibit B, OLOL's several supplemental discovery responses, in this proceeding, an appeal of a ruling on a discovery matter. We find that good cause exists for considering

6

these documents on three bases: the exigencies that arise from the expedited appellate process in antitrust matters, the matter involves the trial court's refusal to award sanctions associated with allegedly insufficient discovery responses, and there can be no surprise or undue prejudice to Plaintiffs, given that these responses were directed to them.

Louisiana Revised Statutes 51:135 establishes that every interlocutory order in an antitrust case is appealable and imposes a tight timeline within which the matter must be heard and decided once the appeal is lodged, five and twenty days, respectively. This expedited procedure necessitates that the court hastily become thoroughly familiar with the relevant aspects of the case. The issue before this court regards the trial court's refusal to award sanctions to Plaintiffs for OLOL's allegedly insufficient discovery responses. A review of the submitted material convinces us of the value of the material in arriving at a conclusion about whether the trial court abused its discretion. And Plaintiffs cannot claim either surprise or undue prejudice to their appeal, as these discovery responses were addressed to them, their sufficiency is at issue in this appeal.

There is no claim that these documents are not genuine, just that they were not properly introduced at the hearing. With regard to this point, we note that Local Rule 28 does not provide a blanket prohibition of considering such information. As the footnote clearly states, the prohibition does not apply to non-evidentiary attachments required by the Uniform Rules or allowed in practice to facilitate the court's understanding of the issues. We consider the discovery responses to be very helpful in facilitating the court's understanding of this matter.

We therefore below deny Plaintiffs' Motion to Strike Appellee's Brief and turn to the merits of this appeal.

*Standard of Review*

Louisiana Code of Civil Procedure Article 1471 grants the trial court the power to impose sanctions on a party or his attorney for the unjustified failure to obey a discovery order. "The trial court has much discretion when choosing the appropriate sanctions, under La.Code Civ.P. art. 1471, for a party's failure to comply with a discovery order, and we will not reverse its choice absent a clear showing that it abused its discretion." *In re Wiley*, 03-793, p. 5 (La.App. 3 Cir. 12/23/03), 862 So.2d 1243, 1246-47; *see also Rice v. Sagrera*, 95-155 (La.App. 3 Cir. 5/31/95), 657 So.2d 419, *writ denied*, 95-1657 (La. 10/6/95), 661 So.2d 470.

*Denial of the Motion for Sanctions*

As seen in the timeline above, Plaintiffs filed their motion for sanctions three months after the trial court issued its order compelling OLOL to further comply with Plaintiffs' Fourth Set of Discovery Requests. In both their motion and at the resulting hearing in January 2023, Plaintiffs focused on that aspect of the trial court's order directing OLOL to "produce documents that discuss efforts to retain or recruit physicians that are threatening to leave." Plaintiffs maintained that, despite the order having been issued in September 2022, OLOL had not produced any documents "responsive to the request."

When the trial court inquired as to OLOL's failure to respond, counsel noted that Plaintiffs are all non-employed staff, not staff physicians who are direct employees of the hospital. Referencing the deposition of OLOL executive Donna Landry, counsel explained that OLOL only recruits and makes efforts to retain hospital-employed physicians. Counsel stated that he was thus skeptical that there would be recruiting and retention documents related to non-employed staff. Counsel therefore retained a third-party to gather "potential" sources of the information. That effort resulted in "170,000

8

plus" documents that his law firm staff began reviewing. The process was ongoing at the time of the hearing. Despite having reviewed 19,000 documents with the use of designated search terms, none of the documents were a "hit" for responsiveness. Counsel explained that his team was reviewing 2,000 documents a day but that they were "getting new algorithms" to possibly accelerate the pace. Counsel noted that, although Plaintiffs referred to the September 19, 2022 order compelling the production of the documents, his firm did not receive the documents until November and began its review thereafter.

The trial court denied Plaintiffs' request for sanctions and, instead, ordered OLOL to "respond more quickly" to its September 2022 order. Plaintiffs acknowledge that a trial court is afforded discretion in determining whether to award sanctions for a discovery violation, citing *Hutchinson v. Westport Ins. Co.*, 04-1592 (La. 11/8/04), 886 So.2d 438. In this instance, however, Plaintiffs maintain that they carried their burden of demonstrating that OLOL has disobeyed the September 2022 discovery order.

Following review, we leave the trial court's refusal to award sanctions undisturbed. While Plaintiffs take the position that OLOL objectively violated the discovery order and that sanctions must necessarily follow, the trial court did not make such a finding nor does the record require that finding. Rather, the trial court accepted OLOL's explanation for its seemingly laborious process of reviewing a multitude of documents and, as discussed below, directed the parties to work together to more quickly fulfill the September 2022 order.

As OLOL did at the hearing, Plaintiffs reference Ms. Landry's deposition in their Appellants' brief and point to Ms. Landry's broad discussion of the hospital's retention and recruitment of physicians and her acknowledgement that writings in that regard may exist. Plaintiffs suggest that "[t]his testimony indicates the existence of documents,

9

including email, internal memoranda, and potential other written communications, regarding the recruiting and retaining of physicians, and specifically including discussion of call pay as a factor in these negotiations." It does not necessarily follow, however, that OLOL has not complied with the discovery order, at least at the time of the January 2023 hearing. Rather, the trial court accepted that OLOL's review process is significant and ongoing.

### *The E-Discovery Process*

Plaintiffs second assignment of error is that the trial court abused its discretion by entering the second portion of the February 8, 2023 judgment, by which it ordered the following:

> Separately, regarding the conduct of discovery in this case, the Court finds the Defendant should respond more quickly to the Court's order of 9/19/2022 and therefore it is hereby ordered, adjudged, and decreed as follows:
>
> 1. As soon as practicable, the Defendant shall identify to Plaintiffs the search terms and the search methods, including any algorithms, being used to respond to the documents ordered produced by the 9/19/2022 [sic].
>
> 2. The Defendant shall provide written updates to the Plaintiff identifying the status of its document review and production pursuant to the 9/19/2022 Order every fifteen days.

In their brief, Plaintiffs argue that the above order allows OLOL to determine its own ESI protocol without cooperating with Plaintiffs, thereby excluding Plaintiffs from the discovery process and permitting OLOL to unilaterally dictate the search terms and methods it will use when searching for documents responsive to the trial court's discovery orders. Plaintiffs assert that since the February 8, 2023 judgment, OLOL "has conducted its search according to its own terms, intermittently informing the Plaintiff that though it has searched, it has yet to find responsive documents." For these reasons,

10

Plaintiffs ask this court to remand the matter to the trial court for a status conference to establish cooperative e-discovery protocols. In contrast, OLOL challenges Plaintiffs' characterization of the progression of discovery since February 8, 2023 and instead asserts that it has complied with the trial court's order in offering Plaintiffs the opportunity to modify the search terms.

We understand Plaintiffs' frustration with the slow pace of the discovery process. However, we leave the trial court's order undisturbed. We are mindful not only of the time period that has lapsed since the February 8, 2023 order but of the parties' conflicting accounts of discovery since that time. Simply, we find no abuse of discretion on the record before the court.

## DECREE

For the foregoing reasons, Plaintiffs' pre-hearing Motion to Strike Appellee's Brief is denied and the trial court's February 8, 2023 Judgment on Plaintiffs' Motion for Discovery Sanction is affirmed. Costs of this appeal are assigned equally to Appellants, Acadiana Renal Physicians, A Medical Corporation, Drs. Anthony Blalock, Roderick Clark, Akshey Gupta, Melissa Harrington, Maximo Lamarche, Alfonso Lebron, Juan Zeik and to Appellee, Our Lady of Lourdes Regional Medical Center, Inc.

**MOTION TO STRIKE APPELLEE'S BRIEF DENIED.**
**AFFIRMED.**