390 So.2d 1300 (1980)
Raymond ALLEN
v.
Sylvester SMITH, Jr.
No. 67457.
Supreme Court of Louisiana.
November 10, 1980.
Rehearing Denied December 15, 1980.
Gordon Hackman, Boutte, for plaintiff-applicant.
Dermot S. McGlinchey and Lawrence J. Centola, Jr., McGlinchey, Stafford, Mintz & Hoffman, New Orleans, for defendant-respondent.
DENNIS, Justice.
The issue in this case is whether the trial court abused its discretion in ordering the dismissal with prejudice of the plaintiff's claim against one of the defendants for failure to permit or provide discovery. We find dismissal inappropriate under the facts in this case and accordingly reverse and remand.
Allen filed suit against Smith on August 1, 1977 for injuries sustained on March 19, *1301 1977 when the motorcycle the plaintiff was operating collided with a vehicle driven by Smith. Allen amended his petition on September 11, 1978 to join Suzuki Motor Corporation alleging that the motorcycle he had operated was defective. On October 24, 1978, Suzuki answered and also propounded a set of interrogatories to the plaintiff which was never answered. Suzuki obtained an ex parte court order to compel the production for inspection of plaintiff's motorcycle on January 4, 1979. Plaintiff failed to comply with this order. Also, the plaintiff failed to appear at his lawyer's office on February 8, 1979, the date set by written notice for the taking of his deposition by Suzuki.
Suzuki filed a motion to dismiss or compel answers to the interrogatories on January 25, 1979 and later supplemented its motion to point out the plaintiff's failure to appear for deposition or to comply with the production order. After a hearing on March 16, 1979 on the motion, the trial court granted the motion to dismiss and ordered briefs to be submitted regarding whether the dismissal should be with prejudice. The plaintiff failed to submit such a brief and the trial court subsequently ruled that the dismissal would be with prejudice. Though the trial judge assigned no written reasons for the dismissal, the court of appeal found no abuse of discretion. Allen v. Smith, 380 So.2d 174 (La.App. 1st Cir. 1979).
Louisiana civil discovery rules authorize a party to take the deposition of another litigant upon oral deposition after giving reasonable notice in writing, Article 1438 of the Louisiana Code of Civil Procedure, to serve written interrogatories to be answered by another party, Article 1457, and to serve on another party a request to produce a tangible thing for inspection. Article 1461. When a party served with such a notice or request fails to attend a deposition, serve answers to interrogatories, or respond to a request for inspection, the court may on motion make such orders in regard to the failure as are just, including an order that the designated facts be taken as established, an order that the disobedient party be refused the right to support or oppose designated claims or defenses, an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment of default against the disobedient party, or an order assessing costs and attorney's fees caused by the failure against the disobedient party and his attorney or both. La.C.C.P. arts. 1471, 1473. The Louisiana rule empowering a court to impose these sanctions is identical to Federal Rule of Civil Procedure 37(b), (d). Accordingly, the jurisprudence interpreting and applying the federal rule may provide useful precepts in bringing La.C.C.P. art. 1473 into action in the present case.
The United States Supreme Court held in Societe Internationale Pour Participations Industrielles v. Rogers, 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255, 1267 (1958) that Rule 37
"should not be construed to authorize dismissal of [a] complaint because of petitioner's noncompliance with a pretrial production order when it has been established that a failure to comply has been due to inability, and not to wilfulness, bad faith, or any fault of petitioner."
While there have been amendments to the rule since the decision in Rogers, the high court has indicated that the changes will not affect the teachings of the quoted language from that decision. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).
Many of the federal courts of appeal have decided that the dismissal of a complaint with prejudice is such a drastic penalty for failure to make discovery that a district court should apply it only in extreme circumstances. E. g., Bonaventure v. Butler, 593 F.2d 625 (5th Cir. 1979); Campbell v. Gerrans, 592 F.2d 1054 (9th Cir. 1979); Israel Aircraft Industries, Ltd. v. Standard Precision, 559 F.2d 203 (2d Cir. 1977); Kropp v. Ziebarth, 557 F.2d 142 (8th Cir. 1977); Ali v. A & G Co., Inc., 542 F.2d 595 (2d Cir. 1976); Thomas v. United States, 531 F.2d 746 (5th Cir. 1976). Accord Butts v. Cummings, 360 So.2d 534 (La.App. 2d Cir. 1978).
*1302 Before his suit was dismissed with prejudice, plaintiff failed to attend a deposition for which he was given notice, failed to answer interrogatories served on him six months previously and failed to produce his motorcycle for inspection as requested. However, the record contains no evidence, or even a transcript of the attorneys' arguments at the sanction hearing, to which we may turn to find support for the drastic penalty imposed. Consequently, it is not clear to what extent, if any, the plaintiff, rather than the attorney advising him, was at fault in failing to make discovery. Under these circumstances, we conclude that the trial judge exceeded his discretion by imposing the ultimate sanction of dismissal with prejudice; the record does not support a finding that the failure was due to the plaintiff's wilfulness, bad faith, or fault.
On the other hand, plaintiff's noncompliance cannot be totally excused. When a failure to make discovery occurs, it becomes incumbent upon the disobedient party to show that his failure was justified or that special circumstances would make an award of expenses unjust. La.C.C.P. arts. 1469, 1471, 1473; David v. Hooker, 560 F.2d 412 (9th Cir. 1977). Since the record is devoid of evidence or showing to the contrary, we find that costs and attorney's fees caused by the discovery failures should be assessed. Because the record contains no evidence that the plaintiff was personally at fault, but several indications that the failures were due to the inattention of his counsel, plaintiff's counsel alone will be required to pay reasonable expenses of defendant's motion to dismiss, including the costs of all proceedings and attorney's fees in this Court, the court of appeal and the trial court. See Szilvassy v. United States, 71 F.R.D. 589 (S.D.N.Y.1976). Further, it is appropriate that the plaintiff be placed under an order compelling him to comply with the requests for discovery and that his suit be stayed until the order is obeyed. La.C. C.P. art. 1471(3).
Accordingly, the judgments of the trial court and the court of appeal are set aside, and the case is remanded to the district court for further proceedings consistent with this opinion, including a hearing to determine and assess reasonable expenses caused by the discovery failures, including attorney's fees, against plaintiff's attorney, and the entry of an order staying plaintiff's suit and compelling discovery.
TRIAL AND APPELLATE COURT JUDGMENTS VACATED; REMANDED FOR FURTHER PROCEEDINGS.
LEMMON, Justice, concurring in denial of rehearing.
On application for rehearing defendant argues that its ability to investigate plaintiff's claim and to prepare its defense has been severely handicapped by the delays attributable to plaintiff or his counsel. While this is not sufficient ground to dismiss plaintiff's suit, it may be a basis for obtaining a protective order limiting evidence which cannot be adequately rebutted because of the delay.