CHIASSON, Judge.
The State Civil Service Commission dismissed the appeal of the appellant, Raymond J. Gautreaux, on the ground that he abandoned his appeal before the Commission. We reverse and remand this matter to the State Civil Service Commission for a full hearing.
Raymond J. Gautreaux was terminated as a Police Officer II working for the Division of State Buildings and Grounds in New Orleans on October 15, 1979. He appealed his termination by sending the required notice of appeal on November 10, 1979. In addition, Gautreaux had another appeal pending which was consolidated for hearing before the Commission on December 5, 1979. In the interim, Mr. Gautreaux secured legal counsel to represent him in the appeals.
The record does not reflect the reason, but appellant argues in brief that the Commission on December 4,1979 requested that the hearing scheduled for December 5 be continued until March 5, 1980.
On March 5, 1980, Mr. Gautreaux appeared before the Commission but his attorney was not present and there is some testimony that his attorney did try to call the Commission that morning. After a denial of the request by Mr. Gautreaux that the hearing be continued, the Commission ordered that the hearing proceed. Midway through the State’s first witness, Mr. Gau-treaux objected to the proceeding and left the hearing. At that time, the Commission reasoned that Mr. Gautreaux’s actions constituted an abandonment of his appeal and dismissed the appeals. From this decision, the appellant perfects this appeal.
The following provisions of the Civil Service Commission Rules are applicable in this case:
“13.14 Summary Disposition of Appeal,
(a) At any time after the docketing of an appeal a written request may be filed by any interested party for summary disposition thereof on any of the following grounds:
* * * * * *
5. That an appellant has failed to appear at the time fixed for the hearing of his appeal, without having been granted a continuance.
“13.18 Continuance of Appeal
(a) An appeal fixed for hearing may be continued, without prejudice to the appellant.
1. By the Director, or the appropriate referee in a referred case, upon submission of justifications deemed adequate by the Director or the referee; or
*390 2. By the Commission or its Chairman, for cause deemed sufficient by it; or him; or
3. If it is not reached for hearing.
* * * * *
(c) No continuance shall be granted except for compelling cause or to serve the ends of justice.
“13.19 Procedure for Hearing Appeals.
* * * * * *
(b) Parties shall have the right, but shall not be required, to be represented by counsel....
“13.22 Dismissal for Non-appearance at Hearing of Appeal.
* * * * * *
(b) If the person against whom the appeal has been taken is absent and unrepresented at the time and place fixed for the hearing of the appeal, without having been granted a continuance, the Commission may proceed with the hearing and render its decision upon such evidence as may be adduced at the hearing.”
As stated in the Rules of the Civil Service Commission, an appellant has a right to be represented by counsel at the hearing of his appeal. In this instance, Mr. Gautreaux had retained an attorney to represent him.
When a person secures counsel, they are relying on that attorney’s legal advice and expertise in aiding them with their cause. They should not be placed in the position of having to represent themselves if they have taken the steps to obtain counsel.
From a reading of the rules, the Commission does have the discretion to grant the continuance or not. Recognizing this discretion, we believe that the Commission abused its discretion in failing to grant the continuance. The appellant appeared on the day assigned for his hearing but his counsel failed to appear. The appellant should not be the one penalized in this matter. If any penalty needs to be imposed, it should be on the attorney. (See the recent Supreme Court decision penalizing the attorney and not the party: Allen v. Smith, 390 So.2d 1300 (1980).
Section 13.22 allows the Commission to proceed with the hearing and hear evidence if the person who is appealing is absent and unrepresented. There is no such authority to proceed with the hearing when the appellant is present but his counsel is not present. This case can be distinguished from one where neither appellant nor his retained counsel appears on the day assigned. In that instance, a dismissal may be appropriate.
Rule 13.18(c) provides that a continuance will be granted only for compelling cause or to serve the ends of justice. Justice is not served when an individual who has retained counsel is not allowed to have counsel present at the proceedings. In this quasi judicial hearing, this individual is faced with a possible deprivation of his employment. To deny this man the opportunity of adequate representation at the hearing is not serving the ends of justice.
The analogy to the civil procedure in the trial court reflects that the discretion of the trial court is given much weight unless that discretion is abused. We recognize the discretion of the Commission in this case and only hold that such discretion has been abused.
For these reasons, the ruling of the Civil Service Commission dismissing Raymond Gautreaux’s appeals is reversed. We remand this case to the Commission for a hearing allowing Mr. Gautreaux to have his retained counsel present.
REVERSED AND REMANDED.