STOKER, Judge.
We granted supervisory writs in this case to review the appropriateness of an order granted by the trial court striking the allegations of plaintiff’s petition which asserted a claim for lost wages, both past and future. After examining the matter and considering the written briefs submitted on behalf of the parties, we conclude that the writ was improvidently granted and should be recalled. We were prompted to grant the writ because we felt that the action of the trial court should be considered and weighed in light of the expressions of the Louisiana Supreme Court in Allen v. Smith, 390 So.2d 1300 (La.1980).
Oddly enough the order in question apparently cannot be found. The record sent up to us does not contain the order allegedly striking plaintiff’s claim for loss of wages upon failure to provide the defendant with income tax returns. Plaintiff’s notice of intent to seek writs refers to the order as having been entered through a judgment dated September 17, 1982. Tr. 130. The trial court signed an order fixing the time within which plaintiff should file his application. The application was filed January 5, 1983. No copy of the order striking plaintiff’s pleading accompanied the application for writs. Perhaps for that reason we should not have granted the writ in the first place, and we are perhaps justified on this ground alone in recalling the writ. However, the parties do not dispute the fact that the order was given.
It may be that the order will be located. In any event, we will risk the possibility that what we say here will amount to mere obiter dictum on the assumption that the order was issued and will be located and that the record will be appropriately supplemented.
FACTS
The plaintiff-relator filed this action against his insurance company, Highlands Insurance Company (defendant-respon *353 dent), seeking to recover damages under the terms of the uninsured motorist provisions of the policy issued by the defendant Highlands. The trial was fixed for April 22, 1982. On April 19, 1982, counsel for plaintiff was served with a subpoena duces tecum requesting that the plaintiff’s income tax returns from 1978 to 1981 be produced at the trial. On April 22, 1982, the attorneys filed a Motion to Quash the subpoena duces tecum stating that the records were not in the immediate possession of the plaintiff and could not be obtained prior to trial. The attorney for the plaintiff informed the court that the plaintiff’s accountant, who did his tax returns, was on vacation in Canada. The trial court, over objections by counsel for the defendant, ordered the case continued and ordered the plaintiff to produce all of the subpoenaed documents within sixty days of the April 22 trial date.
On July 26, 1982, counsel for the defendant filed a Motion to Compel Production of Documents, the income tax returns having not been produced within the sixty-day limit set by the trial court. In response, counsel for the plaintiff informed the court that the records requested did not in fact exist. Counsel for the defendant subsequently filed a Motion in limine requesting an order of the court striking the plaintiff’s claim for loss of wages, both past and future. The Motion in limine was granted by the trial court on September 17, 1982.
The plaintiff-relator sought review of the ruling of the trial court in striking his loss of wage claim. We granted his writ application.
DISPOSITION OF THE WRIT
Based on a déposition of plaintiff’s accountant, it appears that the accountant never prepared any income tax returns for plaintiff. Clearly, the plaintiff misled the court on April 22, 1982. There is no evidence before us indicating that plaintiff’s counsel was aware of this fact when he filed plaintiff’s Motion to Quash the subpoena duces tecum for the tax returns on April 22, 1982. Therefore, this case is distinguishable from Allen v. Smith, supra, where the Supreme Court was not certain that the plaintiff in that case refused discovery through personal fault and may have done so because of inattention of counsel.
Here plaintiff evidently knew that no income tax returns had been filed by him for the years in question. To allow his counsel to make the representations which he did amounts to bad faith on the part of the plaintiff himself.
Plaintiff’s counsel argues that since the returns do not exist, plaintiff should be permitted to establish his claim for lost wages without documentation through income tax returns. Plaintiff relies on Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (La.1971). While Jordan establishes a liberal standard of proof in such areas, the validity of that standard is not the point at issue. Had plaintiff been fair with his adversary and the trial court, the latter might presumably have allowed such proof. However, the plaintiff’s motion filed on April 22, 1982 led the court to continue the case to the detriment of defendant, subjecting the defendant to both additional expense and delay.
We conclude the plaintiff’s misleading and inaccurate pleadings and representations were made without justification. Therefore, the trial court was within its discretion in striking the claim as a sanction. LSA-C.C.P. Article 1471. Viator v. Sonnier, 355 So.2d 1091 (La.App. 3rd Cir. 1978).
For the reasons given above the writ previously granted is recalled and this matter is remanded to the trial court for further proceedings. All costs occasioned by this writ application are to be borne by plaintiff-relator.
WRIT RECALLED, CASE REMANDED.