CHEHARDY, Judge.
The issue before this court is whether or not the trial judge abused his discretion in dismissing with prejudice plaintiffs claim against one of the defendants for failure to answer interrogatories.
Clifford Ashline filed this suit for personal injuries resulting from an automobile accident. The defendant with which we are here concerned is Ashline’s uninsured/unde-rinsured liability carrier, United Services Automobile Association (USAA).[1]
The suit was filed on January 19, 1981, and on November 10 of that year USAA filed interrogatories and a request for the production of documents. Plaintiff failed to comply and on March 26,1982 defendant filed a motion to compel. After several continuances the matter was heard on June 18, and on July 28, 1982 judgment was rendered ordering plaintiff to answer the interrogatories within 15 days under penalty of dismissal.
On July 29, 1982, in the absence of compliance with that judgment, defendant filed an ex parte motion to dismiss with prejudice, which was granted on that date.
On August 5, plaintiff finally answered the interrogatories and on August 11, 1982 he filed a motion to vacate the judgment and have USAA reinstated as a party defendant. Following a hearing thereon, the motion was denied.
As stated by our Supreme Court in Allen v. Smith, 390 So.2d 1300 (La.1980), when failure to make discovery occurs, it becomes incumbent upon the disobedient party to show that his failure was justified. C.C.P. arts. 1469, 1471, 1473.
By way of brief we are informed plaintiff’s failure to answer timely was due to moving from this state to New Mexico because of serious financial difficulty, and also he was psychologically handicapped as a result of the accident, which interfered with his ability to answer timely.
Plaintiff had ample opportunity to disclose these facts to the court at the hearing on the motion to compel. He could have requested additional time to answer or have filed an opposition. He chose to do none of these things. He chose instead to disregard the judgment of the court to file his answers within 15 days or be subject to the penalty of which he now complains.
We further note his answers, when- finally filed, seem to contradict his claims. He did not move to New Mexico until June 1982, and then to accept a lucrative position *1043 at a salary of $50,000 per year. Apparently his psychological problems have not hampered him to the extent he is unable to perform in a professional capacity, and it appears he should have been able to answer the interrogatories at a more reasonable time than a year after they had been propounded.
Dismissal of a complaint with prejudice is a drastic remedy for failure to make discovery and it should apply only in extreme circumstances. See Allen v. Smith, supra, and cases cited therein; Robinson v. Miller, 423 So.2d 45 (La.App. 1st Cir.1982).
We distinguish this case from Allen. There the judgment dismissing plaintiff’s suit was rendered at the hearing on the motion to compel. In the instant case the judgment rendered at the conclusion of the hearing on the motion to compel simply ordered the plaintiff to answer the interrogatories within 15 days and warned him of the consequences of his failure to do so.
The trial court found no extenuating circumstances and concluded the drastic penalty for failure to apply was warranted under the circumstances. We cannot say, therefore, that dismissal in the instant case constitutes an abuse of discretion.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
BOWES, J., dissents with written reasons.

. Other defendants are the driver of the other vehicle involved, his insurer and the owner of the vehicle plaintiff was driving, Hertz Rental Corporation, under its uninsured/underinsured policy.