WILLIAMS, Judge.
The issue in this case arises out of the trial court’s granting of the plaintiff’s Motion to Compel and concerns whether the trial court abused its discretion in assessing damages against the defendant and his attorney, in solido, as sanctions for the failure of the defendant to respond to the plaintiff’s discovery motion and the attorney’s failure to respond to the Motion to Compel or to appear at the hearing on the Motion to Compel. Finding that the circumstances justified the imposition of sanctions, we affirm the trial court’s award of $250.00.
This lawsuit arises out of certain repair work to be done by defendant-appellant, Douglas Anderson, at the home of plaintiff-appellee, Linda Wedge. This appeal arises from a Motion to Compel Discovery filed by Ms. Wedge on August 16, 1984. The motion sought to compel production of certain documents requested by Ms. Wedge in a Request for Production of Documents served on Anderson through his counsel, Teresa R. Ogden, on June 5, 1984. No response or opposition was filed prior to the hearing on the motion set on September 10, 1984. Ms. Ogden failed to appear at the hearing and sanctions were imposed by the trial court holding Anderson and Ms. Ogden solidarily liable for reimbursement of Ms. Wedge’s reasonable expenses in the amount of $250.00.
Anderson argues that “other circumstances” existed making the sanctions inappropriate because Ms. Wedge’s discovery request was broad and there was a delay due to the extensive number of documents requested. Ms. Ogden, appealing individually, argues that the Code of Civil Procedure does not provide for sanctions against a party’s counsel unless it is established that the attorney affirmatively advised the party not to comply with the discovery request. We find both arguments unpersuasive.
Louisiana civil discovery rules authorize a party to serve on another party a request for production of documents. La. C.C.P. art. 1461. When a party served with such a notice or request fails to respond to a request for an inspection or production of documents, the court may on motion issue an order assessing costs and attorney’s fees caused by the failure against the disobedient party and his attorney or both. La.C.C.P. arts. 1469, 1471, 1473; Allen v. Smith, 390 So.2d 1300 (La.1980). It was held in Allen v. Smith, supra, that sanctions were appropriate against a party’s attorney when the record *630 indicated that the noncompliance was due to the “inattention” of counsel, and the court further held that “[w]hen a failure to make discovery occurs, it becomes incumbent upon the disobedient party to show that his failure was justified or that special circumstances would make an award of expenses unjust.” Id. at 1302.
The evidence reveals that Anderson failed to accumulate and produce the documents requested by Ms. Wedge in her discovery request even though there were approximately four months between the time the request was served on his counsel and the hearing on the Motion to Compel. While “other circumstances” may have existed, they are insufficient to give rise to justification. Furthermore, we find Ms. Ogden’s inattention — failure to respond to the Motion to Compel and failure to appear at the hearing on the Motion to Compel — a sufficient reason to impose sanctions. Accordingly, the trial court’s judgment ordering Anderson to comply with Ms. Wedge’s discovery requests and sanctions imposed against Anderson and Ms. Ogden, in soli-do, in the sum of $250.00 as attorney’s fees and costs incurred by Ms. Wedge in bringing the Motion to Compel are affirmed. Judgment is to be paid within ten (10) days upon issuance of this decision, and costs of this appeal are to be borne equally by appellants.
AFFIRMED.