WICKER, Judge.
Plaintiff, Carlos Sampson, appeals the dismissal of his personal injury suit arising out of an automobile collision. The accident occurred on May 1, 1993, at the intersection of West Esplanade Avenue and Edenbom Avenue in Metairie, when Sampson’s vehicle was struck by a vehicle owned by Judith Dorfi and operated by Derek Laquerre. Sampson hired an attorney, Ronald Siegeltuch, who filed suit on his behalf against Dorfi, La- *79 querre, and their insurer, United Services Automobile Association (USAA).
On July 22, 1996, USAA and Dorfi filed a motion to compel answers to interrogatories and responses to request for production of documents. In the motion defendants asserted that their counsel had mailed interrogatories and a requests for production to counsel for plaintiff on June 6, 1996 and again on July 8, 1996, by certified mail. The mail receipts indicated the mailings were received on both occasions. However, plaintiff had failed tó answer, respond or object to the discovery requests and the allowable delays had expired. Defendants sought an order compelling plaintiff to respond.
On September 30, 1996, the court rendered a consent judgment between the parties, granting defendant’s motion to compel and ordering plaintiff to respond to the discovery requests within 20 days from rendition of the judgment. On November 12, 1996 defendants brought an ex parte motion and order to dismiss the lawsuit in accordance with the consent judgment. The ex parte motion was denied by the court.
On December 2, 1996, therefore, defendants filed a rule to show cause why plaintiff’s suit should not be dismissed for failure to answer interrogatories. The rule was heard on January 21, 1997, with only counsel for defendant present. The court granted the defense motion and ordered that Sampson’s suit be dismissed with prejudice, for his failure to respond to defendants’ discovery requests.' That judgment was signed on January 31, 1997.
Meanwhile, on January 28, 1997 new counsel for plaintiff appeared on the record and filed a motion for new trial. He alleged that both the consent judgment rendered against plaintiff on the motion to compel and the judgment of dismissal with prejudice should be set aside for several reasons, specifically the following:
1 — The former attorney accountable for this case is under medical care for mental illness.
2 — Such mental incapacity is manifested through paranoia, his unstable mental condition makes him afraid to [sic] the public in general and to [sic] appearances in courts of law.
3 — The former attorney has maintained his law office opened portraying to his clients a healthy legal mind and an ability to fulfill his legal duties, nevertheless, he never appears in court nor kept his clientele’s cases updated.
The hearing was set for March 24, 1997. On March 18, 1997 plaintiff filed his answers to defendants’ interrogatories and responses to .defendants’ request for production of documents. After the hearing the trial court denied the motion for new trial. Plaintiff then filed a motion for reconsideration of the motion for a new trial, asserting he had newly acquired evidence that his former attorney had been ineligible to practice as of August 16, 1996, so that any activity he participated in as an attorney would have made him guilty of illegally practicing law. Plaintiff alleged further that his ineligibility as well as his mental ^condition warranted the granting of a new trial, because plaintiff “unbeknownst to him was in effect without counsel.”
Defendants opposed the motion to reconsider the motion for new trial, on the basis that such a motion is not provided by the Code of Civil Procedure and the proper procedure was to appeal. Thereafter plaintiff filed a petition for appeal.
On appeal plaintiff contends his former attorney was ineligible to practice law in Louisiana, therefore his actions on behalf of the appellant should not be binding. Further, appellant contends that dismissal with prejudice for failure to comply with pretrial production of documents is an abuse of the trial court’s discretion.
In opposition, defendants assert that dismissal of the action is an appropriate sanction for the continued failure of plaintiff’s counsel to provided the requested discovery or to appear to contest the rule to show cause. Further, defendants rebut plaintiff’s argument concerning his counsel’s ineligibility to practice law by asserting that the discovery requests, and deadline to respond to those, took .place two months before the counsel became ineligible. Defendants contend they have been prejudiced by the re *80 peated failure of plaintiff’s counsel to respond to discovery. (They note, correctly, that ethics rules prohibited defense counsel from contacting plaintiff directly because he was represented by counsel.) Defendants urge that plaintiffs remedy for dismissal of his lawsuit lies in an action against his former counsel. Otherwise, they contend, “reversal of the judgment ... would be both unfair and unjust to the defendants, as defendants would be made to bear the time and expense of filing this appeal, without ever having received responses to its discovery. Plaintiffs ease will not have suffered at all, while defendants will be. prejudiced to the extent that they have not been able to discover the necessary information to properly defend the claim against them.”
In Allen v. Smith, 390 So.2d 1300 (La.1980), the supreme court reversed the trial court’s dismissal of a suit for failure to comply with discovery. The court remarked:
Before his suit was dismissed with prejudice, plaintiff failed to attend a deposition for which he was given notice, failed to answer interrogatories served on him six months previously and failed to produce his motorcycle for inspection as requested. .However, the record contains no evidence, or even a transcript of the attorneys’ arguments at the sanction hearing, to which we may turn to find support for the drastic penalty imposed. Consequently, it is not clear to what extent, if any, the plaintiff, rather than the attorney advising him, was at fault in failing to make discovery. Under these circumstances, we conclude that the trial judge exceeded his discretion by imposing the ultimate sanction of dismissal with prejudice; the record does not support a finding that the failure was due to the plaintiffs wilfulness, bad faith, or fault.
Allen v. Smith, 390 So.2d at 1302.
The court noted, however, that the plaintiffs noncompliance could not be totally excused: “When a failure to make discovery occurs, it becomes incumbent upon the disobedient party to show that his failure was justified or that special circumstances would make an award of expenses unjust.” Id. Because the record contained no contrary evidence or showing, the court concluded that costs and attorney’s fees caused by the discovery failures should be assessed. However, because there was no indication that the plaintiff was personally at fault, but several indications that the failures were due to the inattention of his counsel, the court held the sanctions would be assessed only against his counsel.
In Ashline v. Simon, 439 So.2d 1068 (La.1983), the supreme court reversed a judgment of this court which held that the trial court did not abuse its discretion in dismissing plaintiffs claim with prejudice for failure to answer interrogatories, Ashline v. Simon, 435 So.2d 1041 (La.App. 5 Cir.1983). The supreme court’s ruling granting writs simply stated, “Granted, Judgments of the courts below are reversed. See Allen v. Smith, 390 So.2d 1300 (La.1980). The case is remanded to the district court.”
Dismissal should be imposed only when the record establishes thát the noncompliance was due to the willfulness, bad faith or fault of the party, not merely the attorney. Whelan v. New Orleans Opera Association/Travelers, 95-2541 (La.App. 4 Cir. 7/31/96), 679 So.2d 176, 177.
Considering the aboye jurisprudence, we conclude the remedy of dismissal of plaintiffs suit with prejudice is too harsh. There is nothing to show that plaintiff was personally at fault in his counsel’s failure to respond to discovery, nor do defendants allege there is personal fault involved. Further, defendants’ allegations regarding prejudice to their case resulting from the lack of discovery are merely allegations and do not constitute showings of harm.
Accordingly, we deem the appropriate remedy is to reverse the judgment of dismissal and remand the matter for further proceedings. The trial court is directed to hold a hearing to establish whether costs should be assessed against plaintiff directly or against his former counsel, who appears to be the person to blame in this matter.
For the foregoing reasons the judgment is reversed and the case is remanded for further proceedings consistent with the views *81 expressed in this opinion and in the eases cited herein.

REVERSED AND REMANDED.