STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-790

IN RE:  CYNTHIA WILEY, INDIVIDUALLY
AND ON BEHALF OF LILLIE M. WILEY

************

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT,
PARISH OF ST. LANDRY, NO. 02-3125,
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of Jimmie C. Peters, Michael G. Sullivan, and John B. Scofield,[*] Judges.

REVERSED, RENDERED IN PART, AND REMANDED.

Diane M. Sweezer
Flournoy & Doggett
Post Office Box 1270
Alexandria, Louisiana  71309-1270
(318) 487-9858
Counsel for Plaintiff/Appellant:
        Cynthia Wiley

Marc W. Judice
Judice & Adley
Post Office Box 51769
Lafayette, Louisiana   70505-1769
(337) 235-2405
Counsel for Defendant/Appellee:
        Dr. Paul E. Miller

---

[*]John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as Judge *Pro Tempore.*

**William W. Stagg**
**Durio, McGoffin & Stagg**
**Post Office Box 51308**
**Lafayette, Louisiana  70505**
**(337) 233-0300**
**Counsel for Defendant/Appellee:**
        **PHC Opelousas, L.P. formerly d/b/a Doctors' Hospital of Opelousas**

**Myron Andrew Walker, Jr.**
**Seale, Smith, et al.**
**8550 United Plaza Blvd., Suite 200**
**Baton Rouge, Louisiana  70809**
**(225) 924-1600**
**Counsel for Defendant/Appellee:**
        **Opelousas General Hospital**

SULLIVAN, Judge.

Cynthia Wiley's claims against Dr. Paul E. Miller were dismissed because she failed to comply with a judgment ordering her to answer discovery propounded by Dr. Miller. For the following reasons, we reverse.

### Facts

This suit arises out of the death of Ms. Wiley's mother, Lillie M. Wiley, a sixty-seven-year-old diabetic and double amputee, who was a patient of Dr. Miller. Dr. Miller, a nephrologist, supervised Lillie's dialysis treatment. Ms. Wiley asserts that her mother developed bedsores while hospitalized for treatment and that the condition progressively deteriorated until she passed away. Suit was filed on Ms. Wiley's behalf by attorney George Flournoy.

Ms. Wiley's claims against Dr. Miller were dismissed by the trial court because she failed to comply with its order compelling her to respond to discovery propounded by Dr. Miller. This court in a previous opinion, *In re: Wiley*, 03-793 (La.App. 3 Cir. 12/23/03), 862 So.2d 1243,[1] reversed the dismissal and the matter was remanded to the trial court for an evidentiary hearing to determine whether the dismissal was an abuse of discretion as explained in *Horton v. McCrary*, 93-2315 (La. 4/11/94), 635 So.2d 199.

On remand, the trial court held a hearing at which Ms. Wiley and her attorney testified. Ms. Wiley testified at the evidentiary hearing and acknowledged that she had previously filed a medical malpractice claim on behalf of her father and was familiar with answering discovery requests. She testified that, after this suit was filed, she discharged Mr. Flournoy because her siblings wanted to use another attorney. She acknowledged that Mr. Flournoy forwarded to her discovery requests

---

[1]The facts leading to the dismissal of Ms. Wiley's claims are outlined in that opinion.

propounded by Dr. Miller with instructions that she should comply with the requests. Ms. Wiley further testified that she and her siblings contacted attorney Norris Greenhouse to handle the claim. She testified that she believed Mr. Greenhouse was going to associate an attorney in New Orleans. There is no motion to enroll filed by Mr. Greenhouse or any other attorney, and there is no court appearance by any attorney other than Mr. Flournoy. However, in Reasons for Judgment dated March 31, 2003, the trial court stated that a hearing scheduled for December 6, 2002, had been rescheduled to January 3, 2003, "following a phone call by an attorney requesting additional time to review the case and possibly enroll as counsel of record for Cynthia Wiley."

Ms. Wiley had been served with notice of the January 3, 2003 hearing but did not appear. She testified that she started to answer the discovery, then brought everything to Mr. Greenhouse. She also testified that she believed Mr. Greenhouse sent her responses to the attorney in New Orleans who was going to work with him on the case. She did not retain copies of what she forwarded to Mr. Greenhouse, nor did she subpoena him for the hearing.

According to Ms. Wiley, she received a telephone call in January 2003 from her sister telling her to pick up "the papers." Her testimony indicates that she then met with Mr. Greenhouse who told her "there was nothing they could do with the case." As a result, she assumed the case "was over" and did not attempt to hire another attorney. Thereafter, Ms. Wiley was served with a judgment dated January 17, 2003, which ordered her to answer Dr. Miller's discovery requests within fifteen days of her receipt of the judgment or her claims against him would be

2

dismissed. She did not contact Mr. Greenhouse when she was served with the motion to dismiss filed by Dr. Miller.

Mr. Flournoy testified that after Ms. Wiley was served with the motion to dismiss she was in his office on another matter. When he asked her about the status of her lawsuit, she explained that she was no longer represented and that her case was going to be dismissed. He offered to get back into the case, and she agreed. He then prepared her responses to all outstanding discovery and forwarded them to counsel. He represented Ms. Wiley at the hearing on Dr. Miller's motion to dismiss and testified on her behalf.

Following the evidentiary hearing, the trial court rendered judgment dismissing Ms. Wiley's suit, finding:

> Cynthia Wiley had sufficient knowledge to put her on notice that her failure to produce Answers to Interrogatories and Request for Production as ordered by the Court, said Judgment being personally served upon Cynthia Wiley on 23 January 2003, would result in dismissal of her claim against Dr. Paul Miller.
>
> The Court further makes a finding of fact that Cynthia Wiley failed to timely answer discovery in violation of the Court's Judgment ordering Cynthia Wiley to fully answer discovery and comply with the Court's Judgment not later than fifteen (15) days of the date of service of the Judgment.

### *Discussion*

In *Horton*, 635 So.2d 199, the supreme court addressed the propriety of the dismissal of a plaintiff's claims for failure to comply with discovery, observing "[t]here is a distinction between the sanctions available for failure to comply with discovery and the sanctions available for discovery of court ordered discovery" and that "[t]rial judges must have severe sanctions available to deter litigants from

3

flouting discovery orders." *Id.* at 203. The court further noted that dismissal is a "draconian" penalty which should only be applied in "extreme circumstances." *Id.*

Comparing the Louisiana rule for sanctioning a party who fails to comply with discovery with the Federal rule, the *Horton* court identified four factors courts consider when determining whether a trial court's dismissal of a plaintiff's claims is an abuse of discretion:

(1) whether the violation was willful or resulted from inability to comply;

(2) whether less drastic sanctions would be effective;

(3) whether the violations prejudiced the opposing party's trial preparation; and

(4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney.

The court further observed that "[t]he record must support 'a finding that the failure was due to . . . wilfulness, bad faith, or fault'" before dismissal of a plaintiff's claim is appropriate. *Id. quoting Allen v. Smith*, 390 So.2d 1300, 1302 (La.1980).

The trial court continued a hearing on the motion to compel scheduled for December 6, 2002 on the basis of a telephone call from an attorney that he/she was reviewing the case; thus, the record corroborates Ms. Wiley's testimony that she believed an attorney was going to represent her after she discharged Mr. Flournoy. Ms. Wiley did not appear at the January 3, 2003 hearing, which was a hearing on a motion to compel filed by Dr. Miller, even though she was personally served. However, there is no evidence that she knew before the hearing that the attorney who obtained a continuance of the December 6, 2002 hearing was not going to represent her at that hearing.

4

After the January 3, 2003 hearing, the trial court ordered Ms. Wiley to answer Dr. Miller's discovery or her suit would be dismissed. She was served with the judgment ordering her to do so. She did not comply with the judgment, and counsel for Dr. Miller filed a motion to dismiss which was set for hearing on February 28, 2003. In the meantime, Mr. Flournoy re-entered the picture and re-enrolled as Ms. Wiley's attorney. He got the February 28 hearing on Dr. Miller's motion to dismiss rescheduled to March 28 and provided the discovery responses to Dr. Miller's attorney on March 27, 2003.

Ms. Wiley did not appear and was not represented by counsel at one hearing for which she was personally served notice to attend. As discussed above, the record indicates that she believed she was represented by an attorney at that time and that she provided her responses to the discovery to him. It was reasonable for her to believe the attorney would attend the hearing on her behalf. Ms. Wiley also did not answer the requested discovery as ordered by the trial court. However, when she was again represented by Mr. Flournoy, she did provide responses to the requested discovery prior to the hearing on the motion to dismiss.

*Horton*, 635 So.2d 199, sanctions dismissal of a plaintiff's claims only in extreme circumstances. We do not believe the circumstances here are extreme and find that the dismissal was an abuse of discretion. There must be a finding that the party's failure to provide the discovery was "due to wilfulness, bad faith, or fault." There was no such finding by the trial court and the record does not evidence that Ms. Wiley's actions were in bad faith. While her failure to answer the discovery within fifteen days was "willful"—she made a conscious decision not to answer the discovery after being served with a judgment ordering her to do so—she was not

5

represented by counsel and had been told by the attorney she thought was going to represent her that she "did not have a case." Accordingly, we do not see her failure to do so as "flouting" the court's orders. Once she was again represented by counsel she complied with the order prior to the hearing at which the trial judge dismissed her claims. Additionally, we note that, prior to dismissing her lawsuit, the trial court did not hold Ms. Wiley in contempt or impose any of the lesser sanctions provided by La.Code Civ.P. art. 1471.

There is no evidence that Dr. Miller's defense has been prejudiced by Ms. Wiley's delayed responses. There are other defendants involved in this litigation who also had motions to compel discovery pending at the same time that Dr. Miller's motion was pending. Those defendants accepted Ms. Wiley's discovery responses and dismissed their pending motions. Thus, the record indicates that all of the defendants' discovery is essentially at the same stage.

### *Disposition*

Under the circumstances herein, we find that a sanction less drastic than dismissal would be effective. Accordingly, the judgment of the trial court dismissing Ms. Wiley's action is reversed. Ms. Wiley is ordered to pay $1,000.00 in attorney fees to counsel for Dr. Miller and all costs associated with the motion to compel and the motion to dismiss filed by Dr. Miller. Costs of this appeal are assessed one-half to Ms. Wiley and one-half to Dr. Miller.

**REVERSED, RENDERED IN PART, AND REMANDED.**