STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-584

LEAH LASSEIGNE

VERSUS

GERALD E. LANDRY, L.L.C., ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 116382-C
HONORABLE JOHN E. CONERY, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, Marc T. Amy, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.

REVERSED AND REMANDED

Amy, J., dissents and assigns reasons.

Joseph Todd Puhekker
John T. Ortego & Associates
P. O. Box 88040
Lafayette, LA 70598
(337) 988-7240
Counsel for Defendants/Appellees:
State Farm Fire & Casualty Co.
Gerald E. Landry, L.L.C.
Sugarena Fuel Base

**Peter Brian Derouen**
**Skinner Law Firm, L.L.C.**
**P. O. Box 53146**
**Lafayette, LA 70505**
**(337) 354-3030**
**Counsel for Plaintiff Appellant:**
**Leah Lasseigne**

**SAUNDERS, J.**

In this premises liability case, the Plaintiff failed to comply with discovery requests and disobeyed court-ordered discovery. Subsequently, the trial court entered a judgment of involuntary dismissal with prejudice against the Plaintiff. The issue in this case is whether the trial court abused its discretion in dismissing Plaintiff's case against the Defendants. For the reasons discussed herein, we set aside the trial court's judgment and remand for an evidentiary hearing consistent with this opinion.

**FACTS & PROCEDURAL HISTORY**

The incident which gave rise to this case occurred in New Iberia, Louisiana on March 31, 2009, at the Sugarena Fuel Base convenience store. Leah Lasseigne, the Plaintiff (hereinafter "Lasseigne"), while delivering newspapers, stopped at the store and allegedly slipped and fell on the recently mopped floor. Lasseigne states that she suffered a mild concussion and injuries to her back, knees, and hip that still cause her pain. Lasseigne hired an attorney, Carl S. Jolivette (hereinafter "Jolivette"), on March 31, 2010, and filed suit the same day. Named Defendants were Gerald Landry, L.L.C., doing business as Sugarena Fuel Base, and ABC Insurance Company, later identified as State Farm Fire and Casualty Company (hereinafter "Defendants").

The Defendants mailed initial discovery requests to Jolivette on May 4, 2010. Having not timely received Lasseigne's answers to interrogatories, Defendants mailed Jolivette a reminder letter regarding the overdue discovery responses on June 9, 2010. Defendants mailed another letter, dated July 1, 2010, that scheduled a discovery conference for July 7, 2010. Defendants' counsel granted Jolivette an additional fifteen days to respond to the discovery requests. However, again, Jolivette failed to respond to the requests. Subsequently, on July 28, 2010,

Defendants mailed another letter setting a second discovery conference for July 23, 2010. At this conference, it was agreed that Defendants would receive their discovery requests on July 28, 2010.

Jolivette again failed to meet the July 28, 2010 deadline. That day, Defendants filed a Motion to Compel Responses to Discovery. The trial court held a hearing on this motion on September 3, 2010. While counsel for the Defendants was in attendance, neither Lasseigne nor her attorney made an appearance. The trial court granted the Motion to Compel Responses to Discovery and ordered Lasseigne to supply answers by October 4, 2010, and to pay the Defendants $500.00 in attorney's fees. The Judgment states that if Lasseigne were to fail to timely respond, the trial court would "entertain a motion to dismiss all of [P]laintiff's claims against [m]over and/or other sanctions."

Lasseigne failed to meet the court-ordered discovery deadline. Defendants subsequently filed a Motion to Dismiss all of her claims. The trial court entered an Involuntary Judgment of Dismissal which dismissed Lasseigne's claims with prejudice.

Jolivette passed away on November 29, 2010, thirteen days after the judgment of dismissal was entered, due to a rare blood condition. Until the attorney conducting the inventory of Jolivette's files contacted her, Lasseigne was unaware that her case had been dismissed. Lasseigne now appeals.

**ASSIGNMENTS OF ERROR**

1. The Trial Court failed to consider all evidence available to it when considering what sanctions to assess the Plaintiff for the delinquent discovery responses for which she had no knowledge of [sic].
2. The Trial Court failed to take the testimony of the Plaintiff to determine if the failure to respond to the Defendants' discovery requests [was] "willful."
3. The failure of the Trial Court to conduct an evidentiary hearing prior to dismissing the Plaintiff's suit, with prejudice, for the failure to timely respond to the Defendants' discovery requests.

2

**LAW AND ANALYSIS**

The issue in this case is whether the trial court erred by dismissing Lasseigne's case against the Defendants. "The trial court has much discretion in imposing sanctions for failure to comply with discovery orders, and its ruling should not be reversed absent an abuse of discretion." *Hutchinson v. Westport Ins. Corp.,* 04-1592, p. 2 (La.11/8/04), 886 So.2d 438, 440 (citations omitted). After reviewing the record, we vacate the trial court's judgment and remand for an evidentiary hearing consistent with this opinion.

**ASSIGNMENTS OF ERROR NOS. ONE, TWO AND THREE**

First, Lasseigne argues that the trial court erred by failing to consider all evidence available when deciding what sanctions to assess for delinquent discovery responses that she had no knowledge of. Second, she contends that the trial court erred by failing to take Lasseigne's testimony to determine if the failure to respond to the Defendants' discovery requests was "willful." Third, Lasseigne argues that the trial court erred by failing to conduct an evidentiary hearing prior to dismissing her suit, with prejudice, for the failure to timely respond to the Defendants' discovery requests. We find that each of these assignments of error can be resolved in the same discussion.

The sanctions available against a party for failure to comply with discovery orders are enumerated below:

> A. If a party or an officer, director, or managing agent of a party or a person designated under Article 1442 or 1448 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Article 1464 or Article 1469, the court in which the action is pending may make such orders in regard to the failure as are just, and among others any of the following:
> (1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.

(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.

(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

(4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

(5) Where a party has failed to comply with an order under Article 1464, requiring him to produce another for examination, such orders as are listed in Subparagraphs (1), (2), and (3) of this Paragraph, unless the party failing to comply shows that he is unable to produce such person for examination.

B. Absent exceptional circumstances, a court may not impose sanctions under this Article on a person or party for failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system.

C. In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

La.Code Civ.P. art. 1471.

The laws governing sanctions available for failure to comply with discovery are elaborated upon in the case of *Horton v. McCary*, 93-2315, pp.9-11 (La. 4/11/94), 635 So. 2d 199, 203:

> There is a distinction between the sanctions available for failure to comply with discovery and the sanctions available for disobedience of court ordered discovery. *MTU of North America, Inc. v. Raven Marine, Inc.*, 475 So.2d 1063 (La.1985). Refusal to comply with court ordered discovery is a serious matter. See *Chilcutt v. U.S.*, 4 F.3d 1313 (5th Cir. 1993). Trial judges must have severe sanctions available to deter litigants from flouting discovery orders. *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). Note, *The Emerging Deterrence Orientation in the Imposition of Discovery Sanctions*, 91 Harvard L.Rev. 1033 (1978).
>
> The Louisiana rule, like Federal Rule 37, allows the trial court to sanction a disobedient party with dismissal or a default judgment. Both dismissal and default are draconian penalties which should be applied only in extreme circumstances. *Barnhill v. U.S.*, 11 F.3d 1360 (7th Cir. 1993); *Allen v. Smith*, 390 So.2d 1300 (La.1980). Because the sanctions of dismissal or default involve property rights, those

4

sanctions are generally reserved for the most culpable conduct. *See Hovey v. Elliott*, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215 (1897); *Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530 (1909); and *Société Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958).

Federal district courts consider four factors before granting a default judgment: (1) whether the violation was willful or resulted from inability to comply; (2) whether less drastic sanctions would be effective; (3) whether the violations prejudiced the opposing party's trial preparation; and (4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney. *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511 (5th Cir. 1985); *U.S. for Use of M-CO Const. v. Shipco General*, 814 F.2d 1011 (5th Cir. 1987).

**Dismissal and default are generally reserved for those cases in which the client, as well as the attorney, is at fault.** Compare *Allen v. Smith*, 390 So.2d 1300 (La.1980). The record must support "a finding that the failure was due to ... willfulness, bad faith, or fault." [*Id.*] at 1302 (emphasis added).

Using the standards given above to determine whether the trial court's dismissal with prejudice was appropriate, we must apply the factors enumerated in *Horton*. Here, Lasseigne explains in her brief that neither her failure to comply with discovery requests nor her disobedience of court-ordered discovery was willful. She further explains that Jolivette's illness and death were the major causes of her case failing to go forward. However, the record lacks further evidence with which to evaluate any of the *Horton* factors. Therefore, we remand this case for an evidentiary hearing consistent with *Horton*.

We must also keep in mind the nature of the sanction imposed. Dismissal with prejudice is a harsh measure to be taken, especially upon a plaintiff who appears to be without fault or intention in her noncompliance. *Id.* Here, while both noncompliance with discovery requests and disobedience of court-ordered discovery occurred, question remains over whether no sanctions or less drastic sanctions would be appropriate.

5

Thus, we vacate the judgment of dismissal with prejudice and remand this case for an evidentiary hearing consistent with *Horton*.  Thereupon, the trial court is to render a judgment based on the evidence adduced at the hearing.

**CONCLUSION**

Due to lack of evidence in the record, we set aside the trial court's judgment and remand for an evidentiary hearing in accordance with *Horton*, 635 So.2d 199, in order to determine the appropriate sanctions under La.Code Civ.P. art 1471, if any.  All costs are assessed equally between the parties.

**REVERSED AND REMANDED.**

NUMBER 11-584

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

LEAH LASSEIGNE

VERSUS

GERALD E. LANDRY, LLC, ET AL.

AMY, J., dissenting.

In my opinion, an affirmation is warranted since this matter must be resolved solely with regard to the record before the court. Reference to this record demonstrates that the plaintiff, through her attorney, failed to comply with a discovery order issued by the trial court and that she and her attorney further failed to appear at the hearing on the motion to dismiss. The trial court could have permissibly considered the disregard for the court-ordered discovery apparent from the record and could have attributed that to the plaintiff, insofar as she was served through her attorney. Based on these facts from the record, I do not see that the trial court's ruling runs afoul of either La.Code Civ.P. art. 1471 or *Horton v. McCary*, 93-2315 (La. 4/11/94), 635 So.2d 199. Although the plaintiff now alleges certain facts, I do not find that the trial court either erred or abused its discretion as those facts were not before it at the time of its ruling.

For these reasons, I respectfully dissent.