STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-692 consolidated with 12-749


CASSANDRA CHARK

VERSUS

THOMPSON HEALTH SERVICES, INC.


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 237,114
HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Shannon J. Gremillion, Judges.

AFFIRMED.


Angella H. Myers
Mark C. Carver
The Myers Law Group, L.L.P.
1100 Poydras Street, Suite 2520
New Orleans, LA 70163
(504) 252-9877
COUNSEL FOR DEFENDANT/APPELLEE:
     Thompson Health Services, Inc.

**Tamara S. Battles**
**Attorney at Law**
**P. O. Box 265**
**Alexandria, LA 71309**
**(318) 308-3296**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Cassandra Chark**

**DECUIR, Judge.**

Cassandra Chark sued Thompson Health Services, Inc. for employment discrimination and wrongful termination after she was discharged from her job as a home health nurse. After a year-long discovery dispute, the trial court dismissed Chark's suit and held both Chark and her attorney responsible for paying costs and attorney fees to Thompson. Chark appeals. For the following reasons, we affirm.

## PROCEDURAL HISTORY

The procedural history of this case is lengthy. Chark filed suit against Thompson in January of 2010. Thompson propounded interrogatories and requests for production of documents in November of 2010. Chark neither objected nor responded to the discovery requests, and Thompson filed a motion to compel on June 6, 2011. Two days before the hearing, Chark responded, but Thompson considered the answers incomplete and insufficient. Chark did not oppose the motion or submit any evidence on her own behalf. The discovery responses have not been made a part of the record. The trial court granted Thompson's motion to compel, ordered Chark to fully respond to the discovery requests within fifteen days, and ordered Chark to pay costs and attorney fees. That ruling was not appealed and is now final.

In the weeks following the trial court's discovery order, Chark failed to supplement her discovery responses and paid no portion of the $2,700.00 assessed in fees and costs. She did, however, submit for her deposition, at which time she freely admitted to having the medical and tax records sought by the defense, stating, "I should have brought everything I had today. . . .[I]f I'd have brought all that stuff, you wouldn't – I started to bring all that." Nevertheless, Chark failed to produce the requested documents or supplement her discovery responses.

On November 21, 2011, Thompson moved for sanctions and contempt. Chark sought a continuance of the hearing, which was denied, and she then provided some brief supplemental answers to interrogatories. Thompson was not satisfied and complained, for instance, that alleging $100,000.00 in back pay and $50,000.00 in front pay with no earnings records to support such figures, and given that Chark quickly found new employment, were arbitrary and baseless responses. Chark filed no formal opposition to the request for sanctions. A hearing was held on December 12, 2011 before Judge Donald Johnson. The trial court gave Chark until December 22, 2011 to fully comply with the original order or be held in contempt. She and her attorney, Tamara Battles, were assessed an additional $2,700.00 in fees and costs to be paid within ninety days.

Chark immediately applied for a writ of review with this Court. In CW 12-169 (La.App. 3 Cir. 2/10/12), we denied the writ application, finding no abuse of discretion in the denial of a continuance and in the court's reiteration of the original discovery order. This Court declined to address the order of sanctions against Chark and her counsel, finding an ordinary appeal will afford an adequate remedy. On February 16, 2012, Chark appealed the trial court's ruling of December 12, 2011, which was set forth in a judgment dated January 9, 2012. That appeal has been given number 12-692 on the docket of this Court.

In the meantime, Thompson filed a second motion for sanctions on December 27, 2011, seeking dismissal of Chark's suit because she had not complied with the trial court's most recent order. Specifically, Thompson alleged Chark failed to produce the documents she previously admitted to possessing, she failed to supplement her answers by stating the factual basis for her alleged damages, and she failed to pay any portion of the $2,700.00 award. A hearing was held on February 13, 2012 before Judge John C. Davidson. Chark's defense was

simply that she had no medical or tax records and did not have the money to pay the judgment. The trial court ruled in favor of Thompson, dismissed Chark's suit, and ordered the additional payment of $1,500.00 in fees and costs by Chark and Battles as solidary obligors. The trial court's judgment, dated February 17, 2012, was appealed by Chark and has been assigned number 12-749 on the docket of the Court. The two appeals have been consolidated for our review, and we render a separate decree under each docket number.

## ANALYSIS

The two records before us contain very little evidence. While the discovery requests are contained therein, the responses are not. The transcript of the August 2011 hearing on the motion to compel is not contained in the record, nor is the December 12 transcript of the first motion for sanctions. Chark did not file any formal opposition to those proceedings; hence, it is difficult to discern what, if any, defense was offered on either motion. Finally, in response to Thompson's second motion for sanctions, Chark filed an opposition memorandum. She asserted that her discovery responses were adequate when combined with her deposition testimony. She signed authorizations for the defense to obtain her tax returns and medical bills. She also mentioned extenuating circumstances that led to the initial delay in responding, including a move from one residence to another and Battles' maternity leave in 2011. The trial court was unpersuaded by these defenses.

Our review of the records reveal no manifest error in the judgments rendered by two different trial courts. We have before us: (1) a discovery order that is final; (2) a writ denial stating there is no error in a judgment reiterating that discovery order, imposing sanctions, and denying a continuance; (3) two awards of additional sanctions; and (4) the dismissal of the plaintiff's lawsuit. The records are devoid of any evidence that Chark made good faith efforts to comply with the orders of

3

two trial courts. Instead, the records reflect a silent refusal to even attempt discovery responses or payment of sanctions.

While it is true the dismissal of Chark's lawsuit is a serious and drastic sanction, we find it to be appropriate in this instance. Article 1471(A)(3) of the Louisiana Code of Civil Procedure provides for the dismissal of a plaintiff's suit when there has been a failure to comply with discovery orders.[1] The Louisiana Supreme Court discussed the need for severe sanctions in *Horton v. McCary*, 93-2315 (La. 4/11/94), 635 So.2d 199, 203, where the court stated: "Refusal to comply with court ordered discovery is a serious matter. Trial judges must have severe sanctions available to deter litigants from flouting discovery orders. [Citations omitted.]" Relying on *Horton*, which cited federal jurisprudence emanating from Federal Rule 37, similar to our Article 1471, this court explained:

> Comparing the Louisiana rule for sanctioning a party who fails to comply with discovery with the Federal rule, the *Horton* court identified four factors appellate courts should consider when determining whether a trial court's dismissal of a plaintiff's claims is an abuse of discretion:
>
> (1) whether the violation was willful or resulted from inability to comply;
>
> (2) whether less drastic sanctions would be effective;
>
> (3) whether the violations prejudiced the opposing party's trial preparation; and

---

[1] **Art. 1471. Failure to comply with order compelling discovery; sanctions**

A. If a party or an officer, director, or managing agent of a party or a person designated under Article 1442 or 1448 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Article 1464 or Article 1469, the court in which the action is pending may make such orders in regard to the failure as are just, and among others any of the following:

. . . .

(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

4

(4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney.

*Id.* The court further observed that "[t]he record must support 'a finding that the failure was due to ... wilfulness, bad faith, or fault' " before dismissal of a plaintiff's claims is appropriate. *Id. quoting Allen v. Smith*, 390 So.2d 1300, 1302 (La.1980).

*Trahan v. State ex rel. Dept. of Health and Hospitals*, 04-743, p.4 (La.App. 3 Cir. 11/10/04), 886 So.2d 1245, 1249-50.

It appears from the record that neither Chark nor Battles have taken the discovery orders of the trial court seriously. There is nothing in the record to indicate that Chark is unable to gather tax, employment, or medical records. Neither Chark nor Battles has offered even partial payment of the three attorney fee awards, and they have not inquired about paying periodically. Their refusal to provide employment and tax records renders the opposing party unable to value the case or prepare for trial. Chark and Battles' lack of interest in this case begs for its dismissal. There is no other remedy adequate in this case.

## DECREE

For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Cassandra Chark.

We render a separate decree in the consolidated case of the same name and identified as 12-749 (La.App. 3 Cir. 11/___/12), ____So.3d____, on the docket of this Court.

**AFFIRMED.**